WILLIAM NOLAN *v.* JOHN W. DANKS, and another.

Drunkenness in a laborer, hired for a certain term, is a sufficient cause of dismissal, without any stipulation to that effect in the contract.

A laborer, discharged by his employer, for good cause, before the expiration of his term of service, is entitled to recover his wages up to the time of his discharge. Art. 2719 of the Civil Code, which provides that the laborer may leave his employer, or the employer may discharge his laborer, for good cause, before the expiration of the term of service, pronounces no forfeiture against the party giving the other just cause of complaint.

APPEAL from a judgment of the District Court of Lafourche Interior, *Nicholls*, J. The facts of this case are detailed in the opinion of the court. The agreement between the parties provided that the plaintiffs should ' give the said Nolan *eight* hundred and fifty dollars' for one year's services, and furnish him with certain supplies in the course of the year, ' on the conditions that he said Nolan should attend strictly to their business,' &c., 'and do all other things that it is the duty of an overseer to do, and not taste any kind of spirits, or wine until' the expiration of the term of his engagement.

*Isley*, for the plaintiff.

*Beatty*, for the appellants.

Nolan *v.* Danks and another.

Morphy, J. The petitioner claims eight hundred and fifty dollars for his services as overseer on the plantation of the defendants, from the 1st of January, 1839, to the 1st of January, 1840, under a written agreement with them, bearing date the 10th of April, 1839. This instrument, after setting forth divers obligations entered into on both sides, concludes with the stipulation that Nolan engages to do all other things that it is the duty of an overseer to do, and not to taste any kind of spirituous liquors or wine, until the 1st day of January, 1840. The defence is, that previous to the written contract between the parties, the defendants had employed the plaintiff as an overseer, but that finding him disposed to become intoxicated, they discharged him ; but that afterwards, at his own urgent request, they again employed him, giving him an increase of one hundred dollars on his wages, upon the express condition that he should abstain from drinking any spirituous liquors for the balance of the year. That in consideration of this increase of wages, the plaintiff assented to this condition, but that he afterwards became repeatedly so intoxicated as to be entirely unable to fulfil his duties, and that the defendants were obliged to discharge him at a season of the year when it is difficult to procure an overseer; and that by his misconduct he has caused damage to them to the amount of $700. The answer sets forth divers sums paid by the defendants for the account of Nolan, and concludes with a reconventional demand against the plaintiff for the sums thus due to the defendants. There was a judgment below in favor of the plaintiff for $410 41, from which the defendants appealed.

The evidence shows that Nolan remained on the plantation, discharging the duties of an overseer, from the 1st of January, 1839, to the 11th of October, when he was discharged; and that previous to this latter date he was seen on several occasions in a state of intoxication. Drunkenness we should consider a legitimate cause of dismissal, even without any stipulation to that effect in the contract between the parties ; but the question is whether by thus giving to his employer such a cause of complaint as justified his discharge, the plaintiff has forfeited his wages for the length of time the defendants thought proper to keep him at work on their plantation. Articles 2720 and 2721 of the Civil Code provide that should a laborer, having without any just cause of complaint, leave his employer

before the expiration of his engagement, he shall forfeit his wages; and that, on the other hand, should the employer send him away without any just cause, before the end of the year, he shall pay the full amount of his wages, as if he had served the whole time. The previous article, 2719, which provides that for just and good causes the laborer may leave his employer, and the employer may send away the laborer, before the expiration of the time agreed upon, pronounces no forfeiture against the party who gives to the other a just cause of complaint; nor does it follow necessarily by implication from the two succeeding articles quoted above. We do not feel ourselves authorized to pronounce a forfeiture, which is to be found neither in the law, nor in the agreement of the parties; and cases may well be imagined, in which great hardship and injustice would result from the doctrine contended for by the defendants. After an exemplary course of conduct, and valuable services rendered to his employer during the greatest part of his engagement, a laborer may commit a fault justifying his dismissal, but it appears little consonant to equity that such a fault should have a retrospective effect, and deprive him of the wages he had up to that time faithfully earned, and that the employer should enrich himself at the expense and by the sweat of his brow. The agricultural interests of the country have induced the law-giver to pronounce expressly a forfeiture, in the cases provided for by articles 2720 and 2721, where there is a positive and voluntary abandonment of the contract by the laborer or the employer: but we cannot extend it to other cases, however analogous they may appear. The fault committed by the plaintiff, although doubtless very blameable, might well have been anticipated, for promises such as that obtained from him, are proverbially known to be seldom, if ever kept, and had they intended that a forfeiture of his wages should be incurred by the breaking of his promise, they should have made an express stipulation to that effect. It does not appear at what times, or how long before his dismissal, plaintiff got drunk. If he was retained any length of time after his last act of misbehaviour, he might, in like manner, have been suffered to work until a few days before the expiration of the year, and then might have been dismissed for his past transgressions, without receiving any pay. Upon the whole, we think that the judge decided correctly in allowing to plaintiff

his wages for the time he was at work on the plantation of the defendants, who appear to have been otherwise satisfied with his services.

*Judgment affirmed.*