SECOND<br>MUNICIPALITY<br>v.<br>DUNCAN.

unlawful appropriation of private property. That in both cases the citizen has a right to claim judicial protection, and that no judge can withhold it, is equally supported by authority and the sound principles of the social compact.

M'Culloch v. The State of Maryland, 4 Wheaton, 427. Bussey v. Gilmore, 3 Greenleaf, 191. Nance v. Howard, Breese's Rep. 183.; 3 Howard, 133, 151, 212, 720. 3 Dallas, 171. 5 Wheaton, 317. Second Municipality v. Morgan, 1 Annual Rep. 111. Apthorp v. Portland Bank, 12 Massachusetts, 262.

Judgment affirmed.

| 2 | 187 |
| d120 | 149 |

## YOUNGBLOOD v. DODD.

Improper behaviour on the part of an overseer, in the use of abusive language and threats of violence towards others in the service of his employer, will authorize his immediate discharge, without rendering his employer liable for his wages for the whole term for which he was engaged.

APPEAL from the District Court of Iberville, Nicholls, J.

Talbot, for the plaintiff, cited Civ. Code, arts. 2719, 2720. Nolan v. Danks, 1 Rob. 332.

Edwards and Labauve, for the appellant, cited Civ. Code, arts. 2719 to 2721. 3 La. 299.

The judgment of the court was pronounced by

ROST, J. The plaintiff alleges that he engaged his services to the defendant, as overseer, at the salary of $800 a year, and entered upon the discharge of his duties on the first day of January, 1846; that, on the 8th of February following, he was discharged, without cause, by the son and acting agent of the defendant, and that he is entitled and claims to be paid for the whole year. The answer denies every allegation in the petition, and prays that the plaintiff be put to strict proof. The court below gave judgment in favor of the plaintiff for the sum claimed, and the defendant appealed.

We think there is error in the judgment. It appears by the plaintiff's own declaration that he sent to the defendant's house for a riding horse, which was refused him, and that, upon that refusal, he went to the acting agent of the defendant, used abusive language to him, and threatened him with corporeal chastisement if he meddled with his business.

The court below seems to have been of opinion that the declarations must be taken together, and that the plaintiff had the right to chastise those who meddled with his business. We incline to a different opinion; but, if the law should be, as supposed by the judge, it was no part of the plaintiff's business to use the riding horses of his employer against his will, and he has shown no justification for the threats he made. He avers in his petition the capacity of the person who discharged him, and we consider his outrageous conduct to that person a sufficient cause.

In the case of Conrey v. Brandegee, ante, p. 132, we held that honeste vivere formed part of the contract of agency, and that threats of personal violence by either party justified the other in withdrawing from it, under a full reservation of his rights. That decision settles this case; and the claim of the plaintiff must be limited to compensation for the time he actually served, at the rate of $800 per annum. This compensation the defendant is willing to allow.

23½

YOUNGBLOOD        It is therefore ordered that the judgment in this case be reversed, and that
    v.        there be judgment for the plaintiff for the sum of $84 50, with legal interest
  DODD.       from judicial demand, and the costs of the District Court; those of this appeal
             to be paid by the plaintiff and appellee.