W. A. TAYLOR *v.* J. A. PATERSON.

Though the person hired is entitled when discharged 'to wages, for the time he has served, he is
liable for damages which may have resulted from his wrongful acts, and these damages may be
deducted from his wages.

In an action for wages by an overseer, who has been discharged by his employer for good cause; it
is competent for the Judge to enquire not only into the character of the wrong complained of by
the employer, but also to include in his estimate the inconvenience to which he was subjected until
he could get another overseer.

The general rule that the inexecution of contracts gives rise to a claim for damages, laid down in
Article 1924 of the Civil Code, is applicable to the contract of hiring.

Where the objection to the introduction of a receipt was that it contained interlineations in a paler
ink which were not accounted for, but it was not alleged that the interlineations were alterations
of the instrument, or that they were in a material part, or that its language or meaning was there-
by changed, and there was nothing in the record from which the court could ascertain what the
interlineations were. *Held:* Under these circumstances the court could not say that the Judge
erred in receiving it.

The defendant, in an interrogatory inchief, enquired of his witness; "Did or not plaintiff state to
you that he had shot the boy *Alfred*, the week previous?" The plaintiff on cross-examination,
enquired: "If the plaintiff told you he shot the negro boy, state what he told you induced him,"
&c. The defendant moved to strike out the answer to the cross interrogatory, inasmuch as it con-
tained the statement of the plaintiff of his reason for shooting the boy made out of the presence
of the defendant. *Held:* The admissions of defendant touching the fact to which he was interro-
gated must be taken together, and can not be divided against him.

Where a party, on a former trial, obtained from his witness testimony of the declarations of his
adversary in the cause, that adversary shall not be permitted to introduce the testimony on a
subsequent trial.

APPEAL from the District Court of West Feliciana. This case was tried by
a jury before *Sterling*, J.

*Powell & Ratliff*, for plaintiff. *Patterson*, and *Brewer & Collins*, for defen-
dant and appellant.

CAMPBELL, J. This suit was instituted for three hundred dollars, alleged to
be due by defendant to petitioner for his wages as overseer for the year 1850,
and one hundred dollars, the value of a horse detained by him.

The answer admits that plaintiff acted as his overseer, and on the trial, it
was likewise admitted that, for his services during the whole year, defendant
was to receive three hundred dollars.

It is urged as a defence to the action, that plaintiff, who had charge of defen-
dant's plantation, wantonly and without any just cause, shot one of the slaves
thereon employed; that in consequence thereof, the value of the slave has been
greatly diminished, and the defendant furthermore damaged by the loss of the
services of the slave, and expenses incurred in procuring surgical attendance
and in nursing; for all of which, he claims a judgment in reconvention for seven
hundred and fifty dollars.

In an amended answer, the respondent specially avers that, the plaintiff by
his wrongful act, as above set forth, has forfeited his right to wages.

The cause was tried by a jury, who found a verdict in favor of the plaintiff,
for the sum of $231 91, the amount of wages due for the term that he acted
as overseer, at the rate of $300 per annum, after deducting the sum $55 75,
which they allowed defendant for loss of the services of his slave, and for
medical care and attention. Judgment was rendered in conformity with this
verdict, and defendant has appealed therefrom.

33

In the case of *Hendricks* v. *Phillips*, 3 Ann. 618, which in its leading features does not materially differ from this, the court after animadverting in proper terms on the revolting cruelty of plaintiff to the slaves under his charge, say in conclusion : " We do not wish to be considered as expressing an opinion that an overseer, who thus injures or destroys the property of his employer, can sustain an action for his salary. We have considered this case as it is presented by the defendant, who appears to have been willing to allow the overseer his salary, upon receiving compensation for the damages sustained. If on a future occasion the first shall be presented, we shall consider it open."

In this case, the defence is specially urged, apparently in reference to the intimation in the opinion just referred to, and we will proceed to consider it.

The Article 2721 of the Civil Code is as follows: " If on the other hand, a laborer, after having hired out his services, should leave his employer, before the time of his engagement has expired, without having any just cause of complaint against his employer, the laborer shall then forfeit all the wages that may be due to him, and shall moreover, be compelled to repay all the money he has received, either as due for his wages, or in advance thereof on the running year, or on the time of his engagement."

The argument in support of defendant's position is that, if leaving his employer before the term of his engagement has expired, without just cause of complaint, occasions a forfeiture of wages already earned by the overseer, that by necessary implication the overseer must likewise be held to have forfeited such wages; if by his own fault, he brings upon his employer the necessity of discharging him. That to deny this, would place the overseer who has been discharged for some gross wrong, such for example (as in the present case) as shooting a slave under his charge, in a better position than that of the overseer, who though he may have constantly performed his duties faithfully, for a greater portion of the year, leaves before its expiration, without just cause of complaint. The answer to this deduction is, that the law pronounces no forfeiture for the course alleged, and to supply it, in silence of the law, would be a violation of the rule that "forfeitures are not to be implied or extended," or penalties enforced which are not directed by law or stipulated by the parties ; though the power is expressly given to the Judge to modify the penalty stipulated by the agreement of the contracting parties, when the principal obligation has been partly executed. C. C. 2123. But though the person hired, is entitled when discharged to wages, for the time he has served, he is liable for damages which may have resulted from his wrongful acts, and these damages may be deducted from his wages. Trop. Louage 867. Pothier, Louage 174. In assessing the damages too, in case of a discharge for good cause, it would be competent for the Judge not only to enquire into the character of the wrong complained of, but also to include in his estimate the inconvenience to which the planter would be subjected, until he could get another overseer. The general rule that the inexecution of contracts gives rise to a claim for damages, laid down in Article 1924 of the Civil Code, is equally applicable to the contract of hiring. Trop. Louage No. 787.

The conclusion to which we have arrived on this point of the case, is fully sustained by the decision in the case of *Nolan* v. *Danks and another*. 1 Rob. 332.

We will now proceed to examine the bills of exceptions to the admissibility of evidence taken on the trial of the cause.

The defendant introduced a receipt signed by the plaintiff for services rendered in 1849, which contained an acknowledgment that plaintiff had been discharged for shooting defendant's slave *Alfred*. The objection is, that the receipt contains interlineations in a paler ink, which were not accounted for. It is not alleged that the interlineations are alterations of the instrument, or that they are in a material part, or that its language or meaning is changed. Nor can we ascertain from the record, what the interlineations are. 1 Gr. on Ev. § 566. Under these circumstances, we can not say that the Judge erred in receiving it.

The exception to the competency of *H. B. Benjamin*, on the ground of infancy, need not be considered, as his testimony was not received on the last trial.

On the first trial, defendant having taken the testimony of Dr. *Benedict*, under commission, before offering it, moved to strike out answers to certain cross interrogatories propounded by plaintiff, inasmuch as they contained the statements of plaintiff of his reason for shooting the boy *Alfred* made out of the presence of defendant.

In the 9th interrogatory in chief, defendant asks of the witness: "Did or not plaintiff state to you that he had shot the boy *Alfred* the week previous; the distance?" &c. In the 9th cross interrogatory, plaintiff asks: "If the plaintiff told you he shot the negro boy, say what he stated induced him?" &c.

The court properly refused to strike out the answer to the cross interrogatory. The admissions of defendant touching the fact to which he was interrogated, must be taken together, and can not be divided against him.

Before the last trial, defendant took out a second commission to take the testimony of Dr. *Benedict*, omitting all the questions contained in the first as to the admissions of plaintiff, and offered at the trial the testimony taken under the last commission. The testimony taken under the first commission being yet in the court, was offered by plaintiff and received, notwithstanding the objections of defendant who urged that plaintiff could not be permitted to prove his own statements, made out of his presence and thus make evidence for himself, the defendant not having offered proof of any statement of plaintiff.

The general rule no doubt is that testimony of a witness, delivered on a former trial, and reduced to writing, may be used on a subsequent trial, by either party, if it shall be impossible to produce the witness. Yet if the witness were produced, it could not be held that the party offering would be bound to adopt the course of examination pursued on the former trial. In other words, because he had from inadvertence injudiciously opened the way to proof of declarations of the party in his own favor, that he thereby loses the right to oppose such testimony on a subsequent trial, when he does not seek to use his admissions against him. We see no reason why the rule should be different when the testimony is taken under commission, and think, under the circumstances, that the declarations of plaintiff were improperly received and that the verdict of the jury should be set aside.

It is therefore decreed that the judgement of the District Court be annulled and reversed, that the case be remanded for a new trial, with directions to the Judge not to receive in evidence the depositions of Dr. *Benedict*, offered by plaintiff. The costs of this appeal to be borne by the plaintiff and appellee.