RANDOLPH KESSEE *v.* MAYFIELD & CAGE.

Where one who has employed another for a limited time at a salary, discharges the employee before
    the expiration of the time, for a good cause, he is responsible to the employee for his services up to
    the time of the discharge.

APPEAL from the District Court of the Parish of Terrebonne, *Roman*, J.
    *Connolly & Rightor*, for plaintiff. *Goode & Aycock*, for defendants and
appellants.

BUCHANAN, J. The plaintiff sues for wages, as overseer of a sugar plantation
belonging to defendants, upon a contract. He avers that he was engaged on the
10th April, 1856, at a salary of eight hundred dollars ;. his engagement to ter-
minate at the end of the year ; that he was discharged, on the 22d June, 1856,
without cause or provocation. He claims wages for the whole year.

The defendants plead that they had good cause for discharging plaintiff,
namely :

1st. Incapacity.

2d. Cruelty to the slaves.

3d. Disregard of the instructions of defendants.

Defendants tendered to plaintiff and deposited in court the amount of plaintiff's
wages, under his contract, up to the time of his discharge ; although they deny
that he was legally entitled to any wages whatever.

Upon the trial of this issue, the defendants offered no proof of the two first
grounds, or causes of discharge, alleged in their answer.

In relation to the third of those grounds, it was proved that the instructions of
defendants to plaintiff, as their overseer, were, that he was not to chastise the
slaves himself; but, in case they merited chastisement, that the same was to be
inflicted by the driver, with the assistance, if necessary, of other slaves, under the
direction of the overseer ; that all personal collision between the overseer and the
slaves under his charge was strictly prohibited.

It was likewise proved, that the plaintiff told witnesses that he would not obey
those instructions, and that he actually flogged slaves with his own hand.

Disobedience of defendants' instructions, thus deliberate and intentional, was
inconsistent with the duty of the plaintiff towards his employers, and was a suf-
ficient cause for his discharge.

The question of law remains, whether the plaintiff, thus discharged for a good
and sufficient reason, was entitled to wages, and, if any, to what extent.

The Judge of the District Court charged the jury, that if one who has em-
ployed another for a limited time, at a salary, discharge his employee before the
expiration of the time, for a good cause, he owes the employee nothing for the
services rendered up to the time of discharge.

An exception was reserved to this charge, and the District Judge added to the
bill of exceptions, before his signature, that he had charged as stated, as his con-
struction of Articles 2719, 2720 and 2721 ; but that he had read those Articles
to the jury, and had further charged them, that they were at liberty, as judges
of the law and the fact, to adopt a different construction of the Articles in ques-
tion.

We feel constrained, after a careful examination, to put a different construction upon the statute quoted, from that expressed by our learned brother in the District Court.

The Article 2720 says : " If, without any serious ground of complaint, a man should send away a laborer, whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer, the whole of the salaries which he would have been entitled to receive, had the full term of his services expired."

The Article, it will be observed, is silent in relation to the pecuniary result that will follow from a discharge of an employee by his employer, for a serious or sufficient cause. The Article declares a penalty against the employer who discharges his employee *without a cause.*

But it seems contrary to reason, that the penalty should equally apply (which is the doctrine of plaintiff,) to the employer who *has a cause* for discharging his employee. Indeed, the affirmation that the employer, in the first case, is responsible for the whole wages under the contract, is evidently pregnant with a negation that he is so responsible in the second case. But neither can we infer from the language of the Article, (which is the doctrine of the District Judge,) that the discharge, for a sufficient cause, forfeits the wages earned by the employee, under his contract, previous to the discharge.

The next Article (2721) declares such a forfeiture in one case, namely, when the employee leaves the service of his employer, before the expiration of the term of service, without a just cause. But that is not the case before the court ; and we do not feel authorized to extend the penalty to a case not expressed. See *Nolan* v. *Danks,* 1 Rob. 332.

We, therefore, award to plaintiff, his wages under his contract to the time of his discharge. The tender and deposits are admitted by plaintiff's counsel to be legal and sufficient.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; that plaintiff recover of defendants the amount deposited, to wit, two hundred and nine dollars and fifty cents, with costs to the time of making the deposit ; the subsequent costs of the District Court, and the costs of appeal, to be paid by the appellee.