(45 South. 41.)

No. 16,753.

SHARP v. McBRIDE.

In re McBRIDE.

(Nov. 18, 1907.    Rehearing Denied Dec. 16, 1907.)

1. MASTER AND SERVANT—DISCHARGE OF SERVANT—ENTITLED TO YEAR'S SALARY.
    The overseer of a plantation, not discharged for sufficient cause, is entitled to the stipulated salary for the year; he having been employed by the year.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 50–53.]

2. SAME—CONDONED.
    The absence from the place of plaintiff was passed over by the defendant, who permitted the plaintiff to continue in his employment without objection.
    Other causes of complaint also were overlooked to an extent that they did not afford ground for the discharge.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 36.]

3. SAME—ALLEGED INSUBORDINATION AND INCOMPETENCY.
    The insubordination and incompetency charged are not sustained by the weight of the testimony.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 47–49.]
    (Syllabus by the Court.)

Action by W. B. Sharp against J. M. McBride. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Writ discharged, and petition dismissed.

Beattie & Beattie, for applicant. William Elias Howell, for respondent.

BREAUX, C. J. Plaintiff brought suit against the defendant for a salary he claims due. He was the manager and overseer of defendant's plantation for the year 1905, at a salary of $1,200 per year. His complaint is that he was discharged without just cause; and he avers that in the month of November, 1904, he entered into a verbal contract with defendant to manage Belle Grove plantation and sugar factory and relieve the defendant of the care and responsibility incident to the management of a plantation.

In addition to the above-stated salary, he is entitled, he says, to 10 per cent. of the net profits on the crop.

He avers that he received word from the defendant to come to the sugar house, and that on the 17th day of January, 1905, about 15 days after he had taken up the year's work, defendant found fault with his management of the plantation and discharged him without just cause or good reason. At the same time he refused to pay him for the year, but offered him $50.

Defendant, on the other hand, alleges that he employed plaintiff in order to relieve himself from the responsibility and anxiety of managing a plantation and sugar factory, and that he desired to have his plantation and

sugar factory well and carefully managed, but that in the employment of plaintiff he was disappointed, and that he discharged him for good and sufficient cause. He says, further, that the agreement of employment was made with plaintiff by him for the year 1905. At the same time in one and the same continuous contract plaintiff was employed for the month of December, 1904, and was paid for that month $150.

The facts were found by the district court, and the decision of that court was for plaintiff.

On appeal to the Court of Appeal, the judgment of the district court was affirmed.

In his application before this court for a certiorari, defendant, as relator, stated that he is entitled to a review of the judgment by this court, because it may be called upon, on appeal of the issues regarding the 10 per cent profit on the crop, before mentioned, which plaintiff did not include in this suit (for the profits at the beginning of the year could not be established, the crop not having been as yet planted), to decide differently from the way the Court of Appeal decided the case; and, secondly, because the Court of Appeal had not followed the established jurisprudence of the state regarding the discharge of overseers.

On the application for a rehearing in the Court of Appeal, defendant (applicant here) said:

"The facts being well established, the question is entirely one of law as to whether the facts were sufficient to justify the discharge of plaintiff."

The Court of Appeal did not controvert that statement of the issues, but it refused to grant a rehearing.

The amount claimed as a forfeiture for no services except those rendered in about 15 days at the beginning of the year, it being claimed exclusively on account of the discharge, this court concluded to order up the record.

This statement is made to meet the grounds urged by respondent that there was no good ground to issue the rule nisi.

In deciding the issues, we have not found it necessary to dwell at any great length on facts of a date prior to the 1st of January, 1905. They were not the immediate cause of the discharge complained of. If they were, the facts complained of by defendant can be considered only as very faint justification, by reason of the fact that they have every appearance of having been condoned.

Here we take occasion to state, regarding condonation, that defendant avers that he had many grounds of complaint "against plaintiff, each of which was sufficient to justify his discharge, but that, in his desire to have no trouble with plaintiff and to retain his services if he developed that he was capable and competent, he passed over many causes sufficient for his discharge and many serious grounds of complaint, until it became evident that he could no longer do so without serious danger to his large interests, and that the many causes and grounds of complaint, each of which was sufficient to justify the discharge, combined to force respondent to discharge plaintiff."

It looks very much as if the proper time to have come to an understanding with plaintiff regarding his alleged shortcoming was on the 1st of January, 1905, and to allow him to take service after that time has every appearance of condonation that absolutely binds defendant as to previous acts of which he complains; i. e., acts of date prior to 1905.

The service after that date was a new service, undertaken after the close of the year 1904. Would it not, then, have been timely and proper to say to plaintiff:

"I employed you for the year 1905, but your services during December, 1904, have been so unsatisfactory that I now decline to let you take up the work of 1905, and I therefore discharge you."

Defendant settled for December, 1904, and allowed plaintiff to take service for the year 1905 for a different salary as to amount.

To sustain our view regarding the acts prior to 1905, we will state that the main facts of the case of a date anterior to 1905, condoned, as made evident by the allegations above quoted and also by allowing plaintiff to take service for 1905, are that he (plaintiff) left the plantation during the month of December, 1904, without leave, and did not return before the 2d day of January, 1905, though his duties and employment required his presence.

On his return on the 2d day of January, 1905, he went to work without the least objection on the part of defendant, who, as a witness testified:

"The 2d day of January Mr. Sharpe came back. I took him out in the field and showed him where I wanted him to begin plowing"— and further to the same effect.

Having thus acted toward plaintiff, defendant cannot now be heard to complain of his absence in the year 1904.

This brings us to a consideration of the immediate cause of the discharge.

On the 10th day of January, 1905, a few days after plaintiff had been at work for defendant, a difference arose between plaintiff and defendant, during the course of which plaintiff expressed some objection to that which he termed "criticism" of his work on the part of defendant. At this point there is some difference in the testimony.

Defendant, however, states as a witness that he said to plaintiff that thereafter he would not "criticise" his work; but, if it was not found satisfactory by him, he would discharge him.

On the 17th day of January, defendant was not pleased with plaintiff's work and discharged him.

The weight of the testimony does not sustain the contention that there was cause sufficient for plaintiff's discharge at the time that he was discharged.

We will not go into details, but will only state that of themselves the acts complained of at the immediate time were not grounds sufficient for a discharge.

Defendant's contention is that plaintiff had objected to all admonition on his part, and that it only remained for him to discharge plaintiff; that it did not devolve upon him to admonish plaintiff in any way.

To the utterance of plaintiff about "criticism" of his work while talking with his employer, we do not attach the greatest importance; at any rate, not the importance defendant gave to it. It still devolved upon defendant, on the day that he found cause to complain because the work did not suit him, to offer such remonstrance to plaintiff as the occasion required. It would then have placed plaintiff in default had he in an unbecoming manner objected.

It is agreed that the chief object in employing plaintiff was to relieve respondent of all care and responsibility consequent upon the management of his plantation, so that he might absent himself at will.

Reading the evidence, as relates to the above, the old adage is recalled that to attend to things properly on a plantation it requires both master and overseer. May it not be that the parties to the contract—the defendant particularly—were looking forward to something very difficult to realize?

At any rate, the cause of defendant does not fall within the terms of the law which permits an employer to discharge his employé for good and just cause. Civ. Code, arts. 2748, 2749.

But the defendant charges acts of insubordination; that he was incompetent, negligent, and an expensive manager.

As to acts of insubordination, the charge just mentioned, the weight of the testimony does not sustain it. Sifted down, plaintiff was not guilty of insubordination in his interviews with defendant. He was guarded enough, and, as we read the testimony, it creates the impression that plaintiff was

quite careful in that respect, in order not to expose himself to a discharge.

Now, in regard to incompetency, another charge of defendant, and the other grounds of complaint, they do not appear to have been seized upon by defendant at the time as causes for a discharge. Plaintiff had been at work only a few days, and during that time it is not probable that his incompetency as a manager had become manifest. The weight of the testimony does not support that charge, nor does it support the charge of waste and too large expenses in the management.

We took up the decisions of this court for consideration, and did not find that they justified setting aside the decision of the Court of Appeal complained of by applicant. In the first decision (Youngblood v. Dodd, 2 La. Ann. 187) it is stated that the overseer had lost his temper toward his employer's agent, who was in charge of the place, and had gone so far as to threaten to inflict chastisement on the agent. The overseer was entirely at fault in his conduct.

In the second case to which our attention is invited, there was a rule of personal discipline which the overseer violated. He had inflicted corporal punishment on the employer's hands. The case was much stronger than the one in hand. Kissee v. Mayfield & Cage, 14 La. Ann. 90.

In Ford v. Danks, 16 La. Ann. 120, it was decided that abandonment of work even for a day gave the defendant the right to dispense with further service. The cited case was entirely different from the one here, in that in the latter case the abandonment was condoned.

The following excerpt suggests the issue in the next-cited case:

"But, taken along with the other matter, we cannot say that a planter must keep and pay an overseer who for a considerable time is disabled from attending to his duties, and when thus disabled to perform them that the plantation is in an uproar and planting in danger of stopping." Miller v. Gidiere, 36 La. Ann. 203.

There was no such condition of affairs on the defendant's plantation in the present case. There was no miskeeping of time as charged in the cited case, or other similar cause of complaint. During the few days plaintiff was on the defendant's place, there was no such development in the management or mismanagement as required discharge, or, if there was, it was not brought to such a point as to enable defendant to make out a clear cause of right to discharge. There was no such rudeness to defendant by plaintiff as is stated in the reported case of Lalande v. Aldrich, 41 La. Ann. 307, 6 South. 28, also cited by defendant.

We feel constrained not to disturb the decision after having examined into the issues. We did think at one time that defendant had some ground, but closer examination has brought us to a different conclusion.

For reasons assigned, the writ nisi is recalled and discharged and applicant's demand dismissed; also his petition.