HARDY, Judge.
This is an action ex contractu. Plaintiff sued for recovery of the balance due on .a salary contract for the unexpired period thereof, together with other damages. Defendant, after denying plaintiff’s claims, reconvened for damages. After trial there was judgment rejecting plaintiff’s claims, and further judgment in favor of defendant on its reconventional demand in the principal sum of $1,130.00. From this judgment plaintiff has appealed and defendant has answered the appeal, praying an increase in the amount of the judgment on its reconventional demand to the sum of $51,630.00.
Plaintiff, who was a major stockholder and director of defendant corporation prior to and at the time of the institution of this suit, was employed as the manager of a private water supply system operated by defendant under a written contract dated December 31, 1959, for a period of five years at a salary of $500.00 per month. By letter dated August 1, 1962, defendant noti *870 fied plaintiff that the contract of employment was cancelled as of that date for causes, some of which were specified as (1) negligence in the care of the well pumping system resulting in expenses for repairs and equipment; (2) unauthorized reduction of water rates; (3) failure in some instances to install meters or to make them available for installation; (4) permitting the breakdown of water service; (S) failing to flush water lines; (6) general lacle of maintenance and supervision of the water system; (7) refusal to surrender the hooks and records of the company for audit; (8) expenditures of funds for clerical and maintenance salaries without deduction thereof from salary as required by the contract.
Before this court plaintiff urges that the purported reasons for his discharge were not established on trial of the case. He contends, therefore, that he is entitled to the payment of his salary at the rate of $500.00 per month for the unexpired portion of the five-year term of the contract, a period of twenty-six months. The balance of plaintiff’s original claim for a portion of the profits of defendant corporation has been abandoned by stipulation during the trial of the case. Plaintiff also concedes the correctness of that portion of the judgment in favor of defendant to the extent of $1,130.00, representing expenditure of funds for clerical and maintenance salaries which plaintiff was obligated to pay out of his salary.
Defendant’s demands asserted in answer to the appeal are itemized as follows: (a) salary paid to plaintiff during the effective period of his contract to the extent of $15,-500.00; (b) damages in the nature of repair to defendant’s water system, allegedly necessitated by reason of plaintiff’s negligence, in the sum of $5,000.00; (c) damages to the reputation of the company to the extent of $15,000.00; and (d) loss of revenue from the sale of water in the estimated amount of $15,000.00 resulting from plaintiff’s negligent acts of omission and commission.
The first issue presented for our consideration relates to plaintiff’s claim for the balance of his salary which can be maintained only if plaintiff is correct in his contention that he was discharged without cause. On this point plaintiff urges that none of the asserted reasons for his discharge were attributable to fault or negligence on his part. The district judge found that the testimony produced by defendant was sufficient to justify the conclusion that practically all of the asserted causes enumerated in defendant’s letter of August 1, 1962, had been proven. Our examination of the record fails to disclose any basis for finding error as to this conclusion. The evidence conclusively preponderates in favor of the finding that plaintiff was negligent in the discharge of his duties and that his services were most unsatisfactory. On the basis of this finding we have no hesitcncy in concluding that the defendant was amply justified in terminating plaintiff’s contract of employment.
Turning to a consideration' of defendant’s reconventional claims, we proceed to a consideration of the items above denominated (a), (b), (c) and (d).
The claim to recovery of amounts paid to plaintiff as salary prior to the date of his discharge is based upon the provisions of LSA-C.C. Article 2750 and Article 1930, which read as follows:
“Art. 2750. But if, on the other hand, a laborer, after having hired out his services, should leave his employer before the time of his engagement has expired, without having any just cause of complaint against his employer, the laborer shall then forfeit all the wages that may be due to him, and shall moreover be compelled to repay all the money he has received, either as due for his wages, or in advance thereof on the running year or on the time of his engagement.”
“Art. 1930. The obligations of contract (contracts) extending to what *871 soever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default.”
We are of the opinion that the clear language of Article 2750 completely fails to serve as a basis for defendant’s claim. The facts in the instant case leave no question as to the conclusion that' plaintiff did not “ * * * leave his employer before the time of his engagement * * * expired, without having any just cause of complaint against his employer * *
There is no justification for the forfeiture of wages in the absence of the establishment of the above requirements.
We find little jurisprudence on this point, which fact in itself would appear to support our conclusion that the wording of the Article is so clear and unambiguous as to place it beyond the need for judicial interpretation. The old case of Taylor v. Paterson, 9 La.Ann. 251, decided by the Supreme Court in 1854 plainly held that a person is entitled to his wages for the time he has served up to the date of his discharge, the following pronouncement is found in the opinion of the Orleans Court in Moll v. Wall, 4 Orleans App. 72:
“Jurisprudence has settled it that if the (employer discharges the laborer for good and sufficient cause, then and in that case the laborer does not forfeit, but may recover, the amount due him up to the date of his discharge. Nolan vs. Dauks, 1 R. 332; Taylor vs. Paterson, 9 A. 251; Kessee vs. Mayfield, 14 A. 90.”
There can be no question as to the application of Article 1930 quoted supra, which establishes the right to claim damages arising from the violation of a contract. The question which is before us on this issue must be determined by an analysis of the established facts. In his written opinion the district judge rejected defendant’s claims to damages on the ground that the evidence was either insufficient or entirely-lacking in support of these claims. Again, we are in accord with this finding. Although there is some testimony to the effect that damage to the water distribution system might have resulted from plaintiff’s negligence, we think such an interpretation would represent a conclusion based upon probability which has not been established with any degree of certainty.
As to the claim for damages to reputation and for loss of revenue, it suffices to say that the record is devoid of any evidence which would serve as a basis for the establishment of such claims.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.