## H. N. SEIBRECHT, Syndic, *v.* CITY OF NEW ORLEANS.

Corporations possess only *jura minorum*. They have not the power of contracting on all subjects, like persons of full age and *sui juris*. Having only such powers as are conferred by their acts of incorporation, they cannot be bound by contracts made by those not authorized to represent them.

A corporation cannot be bound for any contract made without its authorization expressed by a resolution of the Common Council.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.

*T. A. McDonald*, for plaintiff. *J. J. Michel*, for defendant and appellant.

MERRICK, C. J. It is not pretended that any person having authority on behalf of the city contracted with *Robinson & Olroyd* for the carpeting used in the Third, Fourth and Sixth District Courts.

The person who bought it says that he was was not authorized by the Common Council or any committee of the Council, but that he purchased at the request of some of the Clerks or Judges of the court.

Now is the city bound to pay for the articles because they were deemed necessary by a Clerk or a Judge, and were constantly used in the court rooms, and because the city usually supplies the courts with such furniture?

Corporations possess only *jura minorum*. They have not the power of contracting on all subjects like persons of full age and *sui juris*.

*Respublica minorum jure solet, ideoque auxilium restitutionis imploraee potest.* Code, Const. 4, tit. 54, liber 2; ibid, Const. 3, liber 11, tit. 29; ibid, Const. 4, liber 11, tit. 31; see also 3 An. 308.

Having only such powers as are conferred by their Acts of incorporation, they cannot be bound for contracts made by those not authorized to represent them. C. C. 430.

But it is said that a corporation may be bound on a *quasi* contract arising *ex equo et bono*. So may a minor. But then it must be for necessaries which the tutor would not provide, or things which have augmented the minor's estate, and not those things which have been consumed by use or lost in speculations. C. C. 1778; *Babcock* v. *Penniman*, 5 N. S. 651.

Now although no money can be drawn from the city treasury except upon a special appropriation by the Common Council, no application was made to them to make the purchases, nor was any of its proper officers consulted on the subject. The city then is not in the condition of the minor whose tutor refuses to supply him with necessaries.

But it is said that the materials were used in the court rooms, and that the city has neglected to return the same.

To pursue the analogy further, the minor who *resists* the contract is not bound to restore the goods which he has worn out or squandered. He is bound to restore only when he avails himself of the *restitutio in integrum* and is himself the plaintiff.

But in what manner has *the city* refused to return the goods? Who is the city? Is it a being having knowledge of all that transpires in its markets, its streets, its school houses, its court houses and public buildings? If a person chooses to place furniture in any of these buildings, which is used by the occupants, is the city bound for it?

On the contrary, it seems to us that the doctrine announced will, if carried out, lead to bankruptcy. The Mayor and Aldermen are not presumed to know (even if they visit all the public buildings) the sources whence everything they see has been obtained.

The only safe rule is to hold that the city cannot be bound for any contract made without its authorization for furniture furnished any of the public buildings, and that if any person shall furnish the same, without being authorized thereto by a resolution of the Common Council, that he does so knowing that the city is not bound to pay him for the same, and that his only remedy is to take away his furniture when they refuse to pay for it.

The case before us is probably a hard case, because the plaintiff suffered his carpets to be worn out before he presented his bills. But as he knew that the city had not passed any resolution authorizing the purchase, so it was his own folly to sell his goods upon the uncertainty of the city's ratifying the bargain.

A large city like this cannot be controlled in its appropriations for its improvements and the refurnishing of its public buildings by the acts of unauthorized persons. The power to judge of the necessity of a change is vested in the Common Council, and the city courts must at least first communicate their wants to such Council before undertaking to order those things they deem necessary.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment against the demand of the plaintiff and in favor of the defendant, the plaintiff paying the costs of both courts.