16   119
d120   149

## Robert P. Ford v. Catherine P. Danks.

Where no complaint has been made in regard to the manner in which an agent's duties have been performed, he is presumed to have acted within the sphere of his authority.

*Per curiam:* The policy of our law is to discountenance all restraints upon the rights of the owner of property to use and dispose of the same as he shall see fit.

The abandonment of service, even for a day, gives the employer a right to dispense with the employee's further services.

APPEAL from the District Court of the Parish of Terrebonne, *Roman, J.*

*Aycock & Woods,* and *F. S. & J. S. Goode,* for plaintiff. *Connelly & Rightor,* for defendant and appellant.

MERRICK, C. J. This is a suit brought by an overseer to recover $800, his alleged wages for the year 1859. He had judgment in the District Court upon the verdict of a jury, and the defendant appeals.

The proof and admissions in the brief show that the plaintiff was employed by the defendant at the rate of $800 per annum. It is further shown that the plaintiff entered upon his duties as overseer and continued so employed until the 20th day of March, when he left the plantation, declaring that he would not oversee upon the same, because the defendant had sold the place to *Dr. Robertson,* and that he intended to claim his year's wages. But being advised by others, that it would be better to return and be discharged, he went back and slept on the plantation that night. He was absent again on Sunday, but on Monday morning, he took possession of the negroes, and countermanded the orders of *Dr. Robertson* after having then or previously wantonly broken to pieces a pair of stocks which belonged to the place, and which he had made with the assistance of one of the negroes.

*Dr. Robinson,* who was the son-in-law of the defendant and her agent, called the plaintiff to the house and offered to pay him for the time he had been employed at the rate of $800 per annum. This was refused by plaintiff, who on leaving, demanded his year's wages. In the conversation the plaintiff claimed the right to continue to oversee. *Robertson* informed him that after having once abandoned the place, he had no right to return, and that he did not desire, and had not engaged his services.

The defendant sold the plantation to *Robertson* the day before *Ford* left the same, on the Saturday previous to his discharge by *Robertson.* Anterior to the trial the defendant made a legal tender of $198 and costs. The plaintiff reserved a bill of exception to the competency of *Robertson* as a witness:

The following points are made in this court by the plaintiff's counsel.

1st. *Dr. Robinson* was not competent as a witness, because he was bound as agent for his fault in discharging plaintiff.

2d. The contract is personal in its character, and the *sale* of the plantation was a discharge of the overseer.

3d. That if the second proposition is not sustained, it is then contended, that plaintiff was discharged without cause.

4th. And defendant contends that after plaintiff had voluntarily abandoned the place for the avowed purpose of recovering his entire wages for the year, he can no longer be heard to say that he has been discharged without cause.

I. It does not appear to us that the District Judge erred in receiving *Dr. Robertson's* testimony. There is nothing to show that the defendant has made any complaint in regard to the manner in which the agent's duties have been performed. The plaintiff's action is based upon the supposition that he had been discharged by the defendant, which should not be the case if the witness had acted without authority. See *Ducros* v. *Jacobs,* 10 Rob. 454, 455. 1 Greenleaf, Evidence, No. 416.

II. We see nothing personal in the contract with the overseer in the sense intended by plaintiff's second proposition. He is employed to oversee a certain plantation. There is nothing in the nature of duties to be performed, which may not as well be performed for the vendee as the vendor. If the party who employs the overseer should die, the latter would be expected to continue to perform his duties for the benefit of the heir, the administrator or legatee, who might be put in possession by the probate court, and this is but reasonable, for the overseer has a privilege upon the crop for the wages of the whole year, and equity demands that he should do all in his power to earn the salary which is thus secured to him.

Again while the law secures the salary of the overseer by the privilege upon the crop, we cannot think it intended to impose so heavy a penalty upon the alienation of a plantation as the forfeiture of the wages of the overseer. The policy of our law, on the contrary, is to discountenance all restraints upon the rights of the owner of property to use and dispose of the same as he shall see fit.

III & IV. The testimony is clear that on the Saturday after the sale, the plaintiff left the plantation with the intention of recovering his whole year's wages, which, it seems, he supposed were due by the sale of he plantation ; that he had determined to oversee for the vendee, *Dr. Robertson,* &c.; that he returned only after he had been advised that it was necessary that he should be discharged in order to recover his year's wages, and for the purpose of making a case by provoking such discharge. We are of the opinion that the abandonment by the plaintiff, even for a day, gave the defendant the right to dispense with his further services. We are therefore of the opinion that the jury erred in rendering a verdict for the salary of the whole year. The tender made on the 6th day of June 1860, appears to have been sufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be avoided and reversed ; and we do now order, adjudge and decree, that the reconventional demand be rejected, that the plaintiff do have and recover judgment against the defendant upon the demand contained in his petition for the sum of one hundred and ninety eight dollars, and all costs which may have accrued in this suit prior to and on the sixth day of June, A. D. eighteen hundred and sixty, and that the plaintiff pay all costs subsequent thereto, including the costs of appeal.