(61 South. 392.)

No. 19,213.

WILLIAMS v. ELLERSLIE PLANTING CO., Limited.

(March 3, 1913.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 1002*)—CORPORATIONS (§ 432*)—REVIEW—QUESTIONS OF FACT.

Plaintiff, suing on an unauthorized contract for commissions on a sale of the property of the defendant corporation, bears the burden of proving that such contract was known to and acquiesced in by the directors of the company. In such a case, where the evidence is conflicting, a judgment in favor of the defendant will be affirmed, when not against the preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002;* Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Chas. A. O'Niell, Judge.

Action by William F. Williams against the Ellerslie Planting Company, Limited. From a judgment for defendant, plaintiff appeals. Affirmed.

James R. Parkerson, of Franklin, and P. H. Mentz, of New Orleans, for appellant. Borah & Hamel, of Franklin, for appellee.

LAND, J. Plaintiff sued to recover the sum of $13,200 as broker's commission for procuring the sale for $165,000 of three plantations situated in the parish of St. Mary, and owned by the defendant company. The plaintiff sued on a contract as evidenced by a letter, of date March 17, 1910, written and signed "John R. Todd, Sec. & Treas." This document authorized the plaintiff to sell said plantation for the price of $165,000, one·

half to be paid in cash, and balance in one and two years, on a commission of 8 per cent. if the sale should be effected. The authority of Todd to make such a contract was evidenced by a purported resolution of the board of directors of the defendant company, reading as follows:

"Resolved, that John R. Todd be and he is hereby authorized and empowered to sell all of the properties owned by the Ellerslie Planting Company, Limited, together with all improvements, for the consideration of ($165,000) one hundred and sixty-five thousand dollars, and crop expenses, up to time of sale, on crop of 1910."

The stockholders of the defendant corporation were: Mrs. Fannie M. Todd, 1,224 shares; Ethel L. Todd, 12 shares; and John R. Todd, 13 shares. Mrs. Todd was president and general manager, and John R. Todd was secretary and treasurer.

On June 9, 1910, Mrs. Fannie M. Todd, president, was authorized by a resolution of the board of directors to sell the plantations and all other property and effects belonging to the corporation for such price and sum as she might deem advisable, and on such terms and conditions as she might elect. On the same day and by virtue of the same resolution, Mrs. Todd, as president, sold to the plaintiff, William F. Williams, all the plantations of said company, with the buildings and improvements thereon, and all the live stock, agricultural implements, movable and immovable, on said plantations, except the horned cattle thereon, and except the crops of the year 1910. The sale was made subject to a prior mortgage of $55,000, and the vendor received the note of the purchaser for $110,000, payable on or before 10 years after date, with interest at the rate of 6 per cent. per annum from date until paid.

On the same day William F. Williams sold the same property to the Bayou Sale Planting & Drainage Company for the price of $300,000, of which $500 purports to have been paid in cash, and the balance liquidated as follows: Three notes, for $36,666.66⅔ each, payable on or before 10 years after date, with interest at the rate of 6 per cent. per annum from date until paid, which were delivered to the vendor, William F. Williams; the assumpsit of three previously existing mortgages on the property; and the issue to said Williams, in lieu of cash, of 1,345 shares of the stock of the purchasing company, aggregating $134,500.

In May, 1911, Williams instituted the present suit to recover brokerage commissions on the sale of June 9, 1910.

The defendant pleaded the general issue, and averred that the alleged negotiations had between plaintiff and John R. Todd were without the knowledge and consent of the directors of the defendant company, and unauthorized by any resolution of the board of directors, and that the pretended resolution alleged in the petition was never passed at any regular meeting of the board of directors at the domicile of the company.

The case was tried, and there was judgment in favor of the defendant. The plaintiff has appealed.

The purported resolution authorizing John R. Todd to sell the plantations was never adopted at any meeting of the directors of the defendant company, at its domicile or elsewhere.

Plaintiff never procured a purchaser on the terms and conditions set forth in the letter of March 17, 1910.

The plantations and other property of the defendant company were sold on June 9, 1910, to William F. Williams, on different terms and conditions, by Mrs. Todd, president, duly authorized by a resolution of the same date adopted by the board of directors of the corporation. Williams was a party interposed for the Bayou Sale Planting & Drainage Company, to which he conveyed the property on the day of the purchase by him, in his own name.

Williams was one of the four incorporators of said company, owned one-fourth of the capital stock, and received more stock for his services.

The pivotal points in the case are stated by our learned Brother below as follows:

"Of course, if the directors and stockholders of the defendant company knew, at the time of the sale of these plantations, that the plaintiff had a contract for a commission of 8 per cent. on the price of $165,000 upon certain terms mentioned in the contract, and if these stockholders and directors of the defendant company consented to a change of the terms without any discussion or understanding, with. regard to its effect upon the contract with the plaintiff and his commission, the plaintiff would be entitled to his commission, notwithstanding the change of terms of sale.

"The only question for decision, therefore, is —and this is a question of fact—whether the directors of the corporation did know that the plaintiff was to receive a commission upon the sale."

After reviewing in detail the testimony of the subject-matter, the judge a quo concludes as follows:

"Therefore, without any disparaging of witnesses, the preponderance of proof is with defendant company, while the burden of proof rests upon the plaintiff."

After a careful perusal of the record, we are not prepared to say that the findings of facts by the trial judge are erroneous.

Judgment affirmed.