(87 South. 234)

No. 24035.

## T. P. RANCH CO. v. GUEYDAN & RILEY.

(Jan. 7, 1921. Rehearing Denied Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Corporations** ⊜⟿429 — **Person dealing with corporation is required to ascertain authority of agents.**

It is the duty of every person entering into a contract with a corporation to see that the agents representing the corporation have been authorized to make the contract.

2. **Corporations** ⊜⟿409 — **Corporation's lease executed by part of directors held void in absence of estoppel.**

Corporation's lease entered into on behalf of the corporation by only two of the three directors without knowledge thereof by third director with knowledge of such fact by lessee *held* void in absence of estoppel to deny validity.

3. **Corporations** ⊜⟿426(10) — **Corporation did not ratify unauthorized lease by acceptance of rent money without knowledge.**

Corporation did not ratify unauthorized lease, entered into by only two of the three directors without third director having knowledge thereof, by acceptance of rent, where third director did not know that money so received was for rent.

4. **Corporations** ⊜⟿425(5) — **Elements of equitable estoppel, precluding corporation from denying validity of unauthorized lease, stated.**

To constitute an equitable estoppel precluding a corporation from denying validity of unauthorized lease, it must appear that the corporation has done some act or made a declaration inconsistent with the truth, with the design of injuring the lessees, that lessees were ignorant of the truth and relied on the faith of such acts and declarations, and that injury will result to them from the denial of the validity of the lease.

5. **Corporations** ⊜⟿425(5) — **No estoppel of lessor to deny validity of lease by silence where lessees knew lease was void.**

Where lessees knew that lease was not authorized by lessor corporation because entered into by only two of the three directors without knowledge of the third director, the silence of the directors, including such third director, as to invalidity of lease, did not estop corporation, on ground of acquiescence, from denying validity of lease, since such silence did not put lessees in a worse position than they already occupied.

Appeal from Fifteenth Judicial District Court, Parish of Cameron (Transferred to Calcasieu); Jerry D. Cline, Judge.

Action by the T. P. Ranch Company against Gueydan & Riley. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered for plaintiff, with directions.

Smith & Carmouche, of Crowley, for appellant.

McCoy & Moss, of Lake Charles, for appellees.

SOMMERVILLE, J. The plaintiff corporation, domiciled in Jefferson Davis parish, is the owner of what was formerly known as the Klondike plantation in the parish of Cameron, which it leased to Gueydan & Riley, defendants, a partnership domiciled in the parish of Vermilion. The lease extended through two years at a rental of $15,000 per annum. In the contract of lease was an option to purchase most of the plantation during the term of the lease, at $35 per acre during the year 1919, and at $37.50 per acre during the year 1920. In the latter part of the year 1919 this suit was filed by the T. P. Ranch Company to have declared invalid the contract of lease with the option to purchase, on the ground that the same was entered into without authority or knowledge of the plaintiff company, which lack of authority was well known to defendants.

The defendants answered that the agents of plaintiff had been regularly and formally authorized to enter into the contract of lease, or that they believed said agents to have been so authorized, and that if they had not been authorized that the company had estopped itself by receiving from defendants the rental under the contract, and applying said rental to the payment of its debts and running expenses, all of which payments took place at a time subsequent, when knowledge of the existence of the option to purchase had come to plaintiff.

There was judgment in favor of defendants on the ground that plaintiff had been estopped by its conduct from annulling the contract, and plaintiff has appealed.

[1, 2] It is the duty of every person entering into a contract with a corporation to see that the agents representing the corporation have been authorized to make the contract. The evidence shows in this case that the defendants knew at the time of the signing of the contract that the president and secretary of plaintiff corporation, who were acting as agents of this corporation on that occasion, had not been authorized to make the contract. The evidence also shows that defendants knew that the domicile of the corporation was in Jefferson Davis parish, and that there was no consent by the remaining member of the board of directors to hold the meeting of the board in Cameron parish. It shows, further, that Senator Gueydan, one of the defendants, in the presence of Mr. Riley, the other defendant, prepared the contract of lease, and that when he presented it to Mr. and Mrs. Priddy, the president and secretary-treasurer of the corporation, to be read, that Mrs. Priddy told him that there had not been any meeting of the board; and that he replied that he had made the statement of the meeting at the home of the Priddys in Cameron parish, as it was a mere formality; and that the Priddys, the principal stockholders of the corporation, were present and would sign, and that that would cure all defects. Senator Gueydan and Mr. Riley both knew that Mr. Nicholls, the third member of the board of directors, was not present, and that he knew nothing whatever about the transaction which was being entered into.

The contract having been entered into by parties unauthorized to represent the plaintiff corporation, the contract is null and void, unless, as was found by the district judge, the corporation had estopped itself to deny the validity of the contract.

The evidence on this point is that during the year 1919 one Mr. Nugier had mentioned to Mr. Nicholls the option to sell the Klondike plantation to defendants, but Mr. Nicholls denied that there was any reference made in the conversation between the parties to the option to purchase. He knew that de-

fendants were planting the plantation, but he did not know the terms of the contract, as the Priddys had the management of leasing and other powers of general administration.

[3] It is on this assumed knowledge on the part of the third member of the board of directors of the contract or option to sell that defendants rely to sustain their plea of estoppel. The evidence also shows that out of the rental money received by plaintiff from the defendants it paid its running expenses and its debts. But the evidence does not show that Mr. Nicholls, the third member of the board of directors, knew that the money paid by defendants was in part payment for any option to purchase; and therefore his conduct, together with that of the Priddys, cannot be held to ratify the illegal contract of lease, and to estop plaintiff from setting up the illegality thereof.

[4] To constitute an equitable estoppel as to plaintiff it must appear that it has done some act or made a declaration inconsistent with the truth, with the design of injuring defendants; that defendants were ignorant of the truth, and relied on the faith of such acts and declarations; that injury will result to them by the denial.

[5] The unauthorized lease made by the president and secretary being void, the acquiescence therein by the corporation is not to be inferred from silence merely. The silence of Mr. Nicholls and the other members of the board of directors had not led defendants astray, for they knew all the time that there had been no authority given to the Priddys to execute the lease; and silence did not have the effect of placing defendants in a worse position than that they already occupied.

There is error in the judgment appealed from, and it will be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff as prayed for, with costs, and that there be reserved to all parties all claims for damages arising out of the issuance of the injunction, and for other causes.