## BENEFICIAL LOAN SOC. OF NEW ORLEANS v. STRAUSS et al.

### No. 14457.

Court of Appeal of Louisiana. Orleans.
May 8, 1933.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

L. R. Wertheimer, of New Orleans, for appellees.

HIGGINS, Judge.

Plaintiff brought this action against the defendants in solido, as joint makers of a promissory note for the sum of $280, dated April 19, 1930, and bearing 3½ per cent. interest per month. The defendant Mrs. Olivia Strauss Carter failed to appear and judgment was entered against her by default. The defendant Motor Sales & Service, Inc., filed exceptions of vagueness and no right or cause of action, which were referred to the merits, and then answered denying liability on the ground that its corporate name had been signed to the note without any authority from the defendant.

There was judgment dismissing the plaintiff's suit as against the Motor Sales & Service, Inc., and the plaintiff has appealed.

The record shows that the plaintiff is a foreign corporation authorized to do business in the state of Louisiana under the provisions of Act No. 7 of the Extra Session of the Legislature of 1928, commonly called the Small Loan Act, and that the Motor Sales & Service, Inc., is a corporation organized under the laws of this state for the purpose of buying, selling, and distributing automobiles.

Mrs. Olivia Strauss Carter desired to buy a second-hand automobile from Motor Sales & Service, Inc., for the sum of $280, but did not have any money with which to make the purchase. She applied to the plaintiff for a loan in order to buy the car. Her credit rating was investigated and found to be unsatisfactory and so a representative of the plaintiff, Mr. Wolfe, called at the office of the Motor Sales & Service, Inc., for the purpose of speaking to Mr. Labat, the president of the corporation, who was absent from the city at the time. Mr. Wolfe then spoke to C. R. Garrett, the comptroller or general bookkeeper of the defendant company, who agreed to sign or indorse her note. The note was executed on April 19, 1930, and signed by Mrs. Carter and the Motor Sales & Service, Inc., by C. R. Garrett, comptroller, and is identified with an act of chattel mortgage on the automobile which was sold by Motor Sales & Service, Inc., to Mrs. Carter. The plaintiff gave its check dated April 19, 1930, for the sum of $280 payable to the order of Olivia Carter and Motor Sales & Service, Inc., which was indorsed by Mrs. Carter and deposited to the account of the Motor Sales & Service, Inc.

On April 25, 1930, Mr. Garrett, in behalf of Motor Sales & Service, Inc., wrote a letter to the plaintiff in which he stated that his company had indorsed Mrs. Carter's note and inclosed the fire and theft policy, with Mrs. Carter named as one of the beneficiaries and the Motor Sales & Service, Inc., as the other beneficiary, as their interest might appear. Mrs. Carter failed to make any payments and, when demand was made upon the Motor Sales & Service, Inc., payment was refused on the ground that its corporate name was signed without authority. The present suit was filed on July 30, 1930.

The exception of vagueness was leveled at the fact that the petition, in paragraph 2, merely stated that the note was signed by the defendants. As the note was annexed to and made part of the petition, it had the effect of supplementing and enlarging the allegations thereof so as to show the defendant Motor Sales & Service, Inc., that plaintiff was seeking to hold it because the note was signed by the defendant company through C. R. Garrett as comptroller.

The exception of vagueness was, therefore, properly overruled.

Counsel for defendant corporation strenuously argues that the exception of no right or cause of action should have been sustained because the note shows on its face that the corporation was not bound, since Garrett, having signed his name as "comptroller," it was obvious that he was not an officer of the company, but a mere employee, who was without authority to bind the company, in the absence of express authorization to do so, there being no allegation in the petition to

that effect, citing Corpus Juris, Vol. 14a, verbo "Corporations," § 2251, page 399; Interstate Bank & Trust Co. v. Welsh, 118 La. 676, 43 So. 274; Williams. v. Ellerslie Planting Co., 132 La. 332, 61 So. 392; T. P. Ranch Co. v. Gueydan & Riley, 148 La. 455, 87 So. 234; Pelican Well, Tool & Supp. Co. v. Sabine State Bank & Trust Co., 18 La. App. 590, 138 So. 161; and North Louisiana Sanitarium, Inc., v. Serio et al., 15 La. App. 123, 130 So. 646.

■■ It appears from the authorities cited that the plaintiff should have alleged and had the burden of proving that Mr. Garrett had authority to sign the note in behalf of the company. The trial judge construed the petition as alleging that Mr. Garrett had the implied authority to represent the company and overruled the exceptions. But, even if we differed with our learned brother below in his interpretation of the allegations of the petition, we feel that we would be obliged to grant the plaintiff an opportunity to amend. The modern trend of jurisprudence is to the effect that an amendment should be permitted by the trial court where the exception of no cause of action is based upon an insufficiency of allegations in the petition. Furthermore, since all of the evidence is now before us with reference to the question of express and implied authorization of Mr. Garrett, as well as ratification by his employer, and the defendant corporation does not complain of having been prejudiced in any way by the trial court's ruling in presenting its defense on the merits, we believe it proper to sustain the ruling of the trial court as to the exception of no cause of action. Wheeler v. Rodriguez, 13 La. App. 97, 126 So. 715.

■ When the attorney for the defendant company attempted to introduce its charter in evidence, counsel for plaintiff objected on the ground that the defense of ultra vires is a special one and had not been pleaded. The purpose of filing the charter in evidence was not to show that the corporation was without authority to bind itself as a comaker of the note or as indorser thereof, but to prove that Mr. Garrett, as comptroller, was not an officer of the company and that he had not been vested with express authority to bind the company to such an obligation. The ruling of the trial court in permitting the charter to be filed in evidence was correct. The charter of the company shows that that authority was vested in the board of directors and the president and vice president of the company. The evidence convinces us that Mr. Garrett was without express authority to sign the company's name to the note.

The next question is: Did Mr. Garrett, comptroller of defendant, have the implied authority to sign the note? Webster defines the word "comptroller" as "a public officer whose duty it is to examine and certify accounts"; "a comptroller in general corresponds to an auditor." 1 Words and Phrases, First Series, 643, gives this definition: "The words 'auditor'.and 'comptroller,' as used in the Constitution and statutes of the states of the Union, are synonymous. State v. Doron, 5 Nev. 399, 413; * * * Taggart v. Commonwealth, 102 Pa. 354, 364."

Fred Rittler, a defendant witness, testified that Garrett "was general bookkeeper."

■ When does custom or usage on the part of the corporation justify those dealing with it in believing that the person representing the corporation had the implied authority to bind it? The rule is generally stated in Corpus Juris, Vol. 14a, § 2212 (3), p. 349, as follows: "Although an officer or agent acts without, or in excess of, his actual authority, if he acts within the scope of an apparent authority, with which the corporation has clothed him by holding him out or permitting him to appear, as having such authority, the corporation is bound thereby in favor of a person who deals with him in good faith in reliance on such apparent authority, as where an officer is allowed to exercise a particular authority in respect to the business of the corporation, or a particular branch of it, continuously and publicly, for a considerable time."

And in section 2254, page 404, of the same volume, as follows: "As a general rule the agency and authority of an officer or agent may be proved by evidence of his having previously exercised certain powers as officer or agent with the approval or recognition of the corporation, and this rule applies to evidence as to the authority of the president to do a particular act or make a particular contract; and on the other hand evidence that the officer or agent had never performed similar acts is admissible to disprove his authority in the particular instance. But a special authority to do a particular act or make a particular contract in a single instance, or a few isolated instances is no ground for inferring an implied authority to do other acts or make other contracts, generally of the same kind, with other persons, and evidence thereof is not admissible."

See, also, §§ 2229, 2304, 2305, 2310, 2317, Vol. 14a, Corpus Juris.

In Pelican Well, Tool & Supp. Co. v. Sabine State Bank & Trust Co., 18 La. App. 590, 138 So. 161, 162, it was held (syllabus): "Mercantile corporation held not estopped to repudiate unauthorized withdrawal of funds from depositary bank by manager of branch store, where similar previous withdrawals were not proved, and corporation immediately wrote bank repudiating manager's act."

In the syllabus of Robert Gair Co. v. Columbia Rice Packing Co., 124 La. 193, 50 So. 8, 9, it is stated: "The authority of a subordinate agent of a corporation may be es-

tablished by proof of the usage which the corporation had permitted to grow up with the acquiescence of the board of directors charged with the duty of supervising and controlling the business."

See, also, Blanc v. Germania National Bank, 114 La. 739, 38 So. 537; Stephens v. Brackin et al., 16 La. App. 272, 134 So. 326; Seibrecht v. City of New Orleans, 12 La. Ann. 496.

From the foregoing authorities it will be seen that, in order to bind a corporation through implied powers of an officer or agent, there must have existed, prior to the time of the act complained of, a "custom" or "usage," or "holding out" for an appreciable length of time. A single instance is insufficient to create a custom or usage or constitute a holding out. The evidence shows that the comptroller's who preceded and succeeded Garrett at no time considered that they had any implied authority to act as he did for the company here and that they never attempted to do so. Even the plaintiff's evidence shows that the only transaction that the plaintiff had with defendant company or Garrett was the one in question and that the officers of the plaintiff company knew that he was acting only in his capacity as comptroller or bookkeeper. This circumstance alone was sufficient to warn the officers of plaintiff company that Garrett was without authority, unless specially authorized, and as prudent business men they should have made inquiry and sought confirmation. This they failed to do. It was shown that Garrett never signed or attempted to sign the company's name to similar obligations and never represented the company on such an occasion. It is our opinion that the evidence clearly shows that there was no custom or usage or holding out on the part of the company from which it might be implied that Garrett had authority to represent it.

The only attempt to show that the company ratified the obligation was the introduction of the letter and the policy which were sent by Garrett to the plaintiff company on April 25, 1930. The entry in defendant company's book showed that the sale of the automobile was a cash transaction. It appears that the officers of the defendant company did not know that Garrett signed the note until they were apprised of that fact by the plaintiff company upon the default of Mrs. Carter. Garrett, in the meantime, had gotten into difficulties with reference to his accounts and had absconded. If Garrett was without authority to bind the company to the note, he was, likewise, without authority to bind the company by confirming his unauthorized act.

Finally, counsel for plaintiff company contends that the defendant is estopped to deny that its agent, Garrett, had authority to sign the note because the defendant company received a benefit from the transaction; i. e., as a result of plaintiff loaning the money to Mrs. Carter, defendant was thereby afforded the opportunity of selling the automobile to her and receiving the purchase price in cash.

This line of reasoning is faulty because it fails to take into consideration the fact that the defendant company parted with an automobile for the amount of money that it received. There is no evidence in the record that the automobile was worth less than the purchase price and the presumption is that the thing sold is worth the price and the price received represents the value of the thing sold. The plea of estoppel is, therefore, overruled.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.