## LABATT v. LOUISIANA ADJUSTMENT BUREAU, Inc.

### No. 17118.

Court of Appeal of Louisiana. Orleans.

Jan. 23, 1939.

James E. Courtin, of New Orleans, for appellant.

Stirling Parkerson, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Leon L. Labatt, Jr., brought this suit against Louisiana Adjustment Bureau, Inc., for the recovery of salary for the months of August and September, 1938, alleging that he had been employed by written contract, which provided for the payment to him of $150 per month and which also provided that it might be terminated "at the expiration of thirty days after written notice has been given by either party". He alleged that he had fully performed all services required by the corporation from the time of the making of the contract until August 2, 1938, on which day he received from the corporation a notice dated July 28 under which he was advised that his contract, together with another contract, to which we need not refer in detail, would be cancelled as of the date of the letter, July 28, 1938.

He based his claim for two months' salary on the theory that, under the contract, thirty days' written notice of intention to cancel was required and that, since he did not receive notice until August 2, it could not be effective until thirty days later, which would be after the commencement of the month of September.

Defendant filed an exception of no cause of action and, at the same time, as required by the rules of the First City Court, an answer denying indebtedness to plaintiff for any salary at all and basing this denial on the contention that the plaintiff had done no work for the company since the 28th of July and had thus violated the contract by failing to report for work. The exception of no cause of action was based on the failure of plaintiff to allege that the president of the company, in employing him, had been authorized to do so by the board of directors. The exception was referred to the merits and, after a trial on the merits, the exception was renewed, but judgment was rendered in favor of plaintiff for the full amount.

The record shows that the contract of employment was entered into and that plaintiff performed the services required for a period of almost eight months. Appellant relies mainly upon the exception of no right or cause of action, maintaining "that it is the duty of every party dealing with the agent of a corporation to make sure that the agent with whom he transacts his business is clothed with authority to act for it". In support of this exception exceptor cites several cases: T. P. Ranch Company v. Gueydan & Riley, 148 La. 455, 87 So. 234; Interstate Bank & Trust Company v. Welsh, 118 La. 676, 43 So. 274; Williams v. Ellerslie Planting Company, 132 La. 332, 61 So. 392; Scharfenstein & Sons, Inc., v. Item Company, Ltd., 174 La. 794, 141 So. 463; City Savings Bank & Trust Company v. Shreveport Brick Company, Inc., 172 La. 471, 134 So. 397; Board of Administrators of Tulane Educational Fund v. B. G. Carbajal, Inc., 180 La. 355, 156 So. 416.

In those cases it was held that, where an officer of a corporation undertakes to bind the corporation to some unusual contract not necessarily involved in the usual business which the corporation was organized to conduct, the person dealing with the corporation must be on his guard and must

see that the official who acts for the corporation is authorized to do so. But none of them goes so far as to even suggest that the president of a corporation who contracts with an employe to conduct the very business which the corporation is organized to carry on should be required to produce a resolution of the board of directors.

Furthermore, in the case at bar, it should be remembered that the employe worked for the corporation from the date of the contract, December 8, 1937—until the end of July, 1938—in other words a period of nearly eight months. Under such circumstances a corporation may not be heard to challenge the president's authority to enter into the contract of employment.

In Gueydan v. T. P. Ranch Company, 156 La. 397, 100 So. 541, the Supreme Court said [page 543]: "It is a familiar principle in law that it is not always necessary to show the authority of an officer of a corporation by a resolution of its board of directors. A corporation may not, any more than an individual, reap the benefits flowing from the acts of its officers and repudiate the obligations arising from the same acts. Berlin v. Cusachs, Ltd., 114 La. 744, 38 So. 539; Gair Co. v. Columbia Rice Packing Co., 124 La. [193] 194, 50 So. 8; Boudreaux v. Feibleman, 105 La. [401], 404, 29 So. 881."

In Board of Administrators of Tulane Educational Fund v. B. G. Carbajal, Inc., supra, 156 So. 417, the court, after quoting the above set forth passage from the opinion in the Gueydan Case, said: "The conclusion announced in the Gueydan Case is in accord with a long line of authorities which establish its correctness too well to admit of serious debate".

■ Counsel for defendant argues that the contract under which Labatt was employed was null and void ab initio for the reason that it contained the following provision: "In consideration of the above the corporation agrees to elect the said Leon L. Labatt, Jr. as the Vice President under certain conditions as set forth in separate agreement executed as of this date."

We have no means of knowing what was contained in the separate agreement referred to, but even if—considering the two agreements together—the provision that Labatt was to be elected vice-president should be considered as not binding, or even if we were to hold that no such provision could be inserted in the contract of employment, the effect would be to eliminate that provision from the contract and not, we think, to nullify the entire contract since it is not that stipulation which Labatt is seeking to enforce.

■ It is contended that Labatt terminated the employment voluntarily by not reporting for duty after the 28th of July, but his testimony is clear that his only duties were to solicit loans on automobiles and that it was very evident at that time that the corporation had no money with which to make loans and that, therefore, there was nothing for him to do. No evidence to contradict this statement of plaintiff was tendered by defendant.

We also notice that, in the letter by which defendant sought to discharge plaintiff and which letter, though dated July 28th, was not delivered until August 2d, no reference is made to any failure of plaintiff to attend to his duties. In fact, salary for the entire month of July was tendered.

Counsel for defendant, in support of the contention that Labatt voluntarily abandoned his employment and thus terminated the contract, cites Ford v. Danks, 16 La. Ann. 119, as authority for the view that, where an employe leaves his employment even for only one day, his departure, in effect, terminates the contract. But the facts of that case were entirely different. There the employe not only left the plantation on which he had been employed, but declared "that he would not oversee upon the same". Furthermore, there the evidence showed that when he did return he did not do so for the purpose of recommencing his work, but solely in the hope of being discharged in order that he might bring suit for his entire year's salary.

We fully agree that, if an employee leaves his work and definitely declares that he intends to terminate his employment, it is not necessary that he remain away for any fixed period. The moment he leaves and declares his intention to give up the employment his departure forms the basis for the termination of the contract by the employer. Here no such condition existed. The record shows that he appeared for work whenever it was necessary for him to be there and that is all an employe need do.

Since it appears that the contract could only be terminated thirty days after written notice and since the written notice was not delivered until August 2d and since the term of employment for the month of September had already commenced at that time, it is evident that that notice could not take effect until the end of September.

For these reasons it is ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.