John A. Cothran, a building contractor, sues Ideal Savings 
Homestead Association for $162.16, alleging that to be the balance due for certain repairs and improvements made by him on three pieces of property in this city, and alleging that he was employed to do the work by the said association through Harold A. Rayl, its then president. He avers that the said association paid him all that was due for the said work except the small balance which remains. Though the answer of the association is in effect a general denial, it does not contend that the work was not done nor does it maintain that there is not an unpaid balance due to plaintiff. It concedes that Rayl, who was then its president, employed Cothran to do the work, but it asserts that in so doing, Rayl was acting not as president of defendant corporation but as attorney for the owner of the property, Miss Katherine McPhillips.
In the First City Court there was judgment for defendant, and Cothran has appealed.
Rayl, according to the secretary of the association and according to Cothran, was president of defendant association at that time and was also an attorney-at-law. Cothran says that Rayl sent for him and told him "that the homestead had several houses that needed repairs" and asked him "to take a look and see what was needed to be repaired and fixed up to put them in proper condition." He also says that he did so and reported to Rayl, and that "he told me to go ahead and do the work." He testifies that the association paid him such amounts as have been paid for the work which he did on the three buildings in question and that in the past he had done other work for the association and had been paid by it.
In spite of the vehement argument of counsel for defendant to the effect that Rayl in employing Cothran was not acting as president of the association but was acting as attorney for Miss McPhillips, there is nothing in the record to substantiate this contention; nothing whatever which contradicts the statement of Cothran that he was employed by Rayl as president of the association, and was told that the properties to be repaired belonged to the association.
Although it seems to be a fact that they did not belong to the association, we do not see that there was any duty whatever in Cothran to examine further into this question.
[1, 2] The Homestead Association says that there was no resolution of its board of directors authorizing Rayl to employ Cothran to do this work. In spite of this, we think it very obvious that Rayl had apparent authority to make this contract with Cothran. In American Jurisprudence, Vol. 13, subject "Corporations", § 890, we find the following:
"Apparent or Ostensible Authority; Authority by Estoppel. It is a fundamental and well-settled rule that when, in the usual course of the business of a corporation, an officer or other agent is held out by the corporation or has been permitted to act for it or manage its affairs in such a way as to justify third persons who deal with him in inferring or assuming that he is doing an act or making a contract within the scope of his authority, the corporation is bound thereby, even though such officer or agent has not the actual authority from the corporation to do such an act or make such a contract. This authority is known as apparent or ostensible authority. This apparent authority is materially the same and is based upon the same principles as authority by estoppel. Stating the rule in terms of estoppel, a corporation which, by its voluntary act, places an officer or agent in such a position or situation that persons of ordinary prudence, conversant with business usages and the nature of the particular business, are justified in assuming that he has authority to perform the act in question and deal with him upon that assumption is estopped as against such persons from denying the officer's or agent's authority."
To the same effect the following appears in 19 Corpus Juris Secundum, Corporations, § 996, p. 458: "Although an officer *Page 235 
or agent acts without, or in excess of, his actual authority, if he acts within the scope of an apparent authority, with which the corporation has clothed him by holding him out or permitting him to appear, as having such authority, the corporation is bound thereby in favor of a person who deals with him in good faith in reliance on such apparent authority, * * *."
That this rule has application in Louisiana is well settled. See Slagle et al. v. Peyton, 182 La. 358, 162 So. 12; Beneficial Loan Society of New Orleans v. Strauss et al., La. App., 148 So. 85; Harris v. H. C. Talton Wholesale Grocer Co., Inc., 11 La. App. 331, 123 So. 480.
The contract sued on was not a large nor an unusual one and involved work which we have no doubt is often contracted for by such associations. In view of this and of the further facts that in the past Cothran had been employed to do similar work, and that Rayl was president of the association, was constantly in its office and, apparently, directed its affairs, and that the association made all the payments which were made, Cothran was warranted in assuming that he was authorized to make such a contract.
Of course, the true fact is that the Homestead Association made a loan to Miss McPhillips and retained in its bank account the proceeds of the loan, with the understanding that it would supervise the making of the repairs and pay for them out of those proceeds, and that when they were exhausted there yet remained a balance due to the contractor.
The homestead could easily have protected itself by making it clear to the contractor that it was acting as the agent of Miss McPhillips and that it would not be responsible except up to the amount of the loan. It did not do so, but gave him every reason to believe that it was itself having the repairs made and would be responsible for the total amount of his bill. By clothing its president with apparent authority it made itself liable.
In view of the fact that there is no contradiction of Cothran's statement that the work was done and that the amount charged is correct, it is obvious that the judgment appealed from is erroneous.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that there now be judgment in favor of John A. Cothran and against Ideal Savings Homestead Association in the full sum of $162.16, with legal interest from judicial demand, and for all costs.
Reversed.