James S. NOEL et al., Appellants,

v.

Louise Noel KLINE et al., Appellees.

No. 20422.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1963.

Rehearing Denied Jan. 30, 1964.

Milton C. Trichel, Jr., Wilburn V. Lunn, Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for James S. Noel and Ruth H. Noel.

John Paul Woodley, May & Woodley, Shreveport, La., for Noel Estate.

H. M. Holder, T. Haller Jackson, Jr., Tucker, Martin, Holder, Jeter & Jackson, Shreveport, La., for appellees Louise Noel Kline, Patty Kline and Cherry Kline.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court decreeing specific performance of a contract executed in settlement of another lawsuit between these same parties. The controversy which the settlement contract sought to compromise concerned primarily the management of a family corporation, Noel Estate, Inc., and certain alleged illegal preferences by the parents in favor of their son, James S. Noel, one of the Defendants-Appellants, and against the daughter, Louise Noel Kline, one of the Plaintiffs-Appellees, in connection with certain properties held by the corporation or members of the family. Appellants objected below and object now to the decree of the District Court for a multitude of reasons. These boil down to 5 basic complaints—failure of the District Court to hear Appellants' reconventional demands; failure of the Court to dismiss the action for lack of jurisdictional amount and diversity of citizenship; failure of the Court to hold that Plaintiffs-Appellees were not entitled to equitable relief because of their alleged breach of the settlement contract; failure of the Court to declare the entire contract null and void after holding that one of its provisions was illegal and unenforceable under the law of the State of Louisiana; and failure of the Court to apply certain equitable maxims—clean hands, failure to do equity, etc.—to the decision of the case.

■ We have carefully considered the contention that the District Court lacked jurisdiction and find it to be without merit. The amount in controversy plainly exceeded $10,000. The District Court did not err in refusing to realign parties, and absent realignment, complete diversity of citizenship existed.

■ Contrary to Appellants' contention, the District Court did not dispose of their reconventional—counterclaim seeking affirmative relief—demand without a hearing. The matters raised in the reconventional demand were identical to those presented and adjudicated in the main suit. Each group of parties had a different idea as to what the contract meant and consequently what type of decree would be required to specifically enforce the terms. When the District Court, after a full hearing, reached its conclusions and entered a decree consistent therewith, the entire controversy was resolved. Under the circumstances of this case, this was the proper course to follow. Indeed, no other approach was available.

■ We likewise find free from error the determination of the District Court that Plaintiffs-Appellees have not breached the agreement. This was essentially a factual matter as to which the Court's findings, express or implied, are not clearly erroneous. F.R.Civ.P. 52(a).

■ The District Court was justified in concluding that paragraph 5 of the agreement is illegal and unenforceable under the laws of the State of Louisiana in providing for mandatory representation of Louise Noel Kline on the Board of Directors of Noel Estate, Inc., see, e. g., Labatt v. Louisiana Adjustment Bureau, La.App., 185 So. 702; Williams v. Fredericks, 187 La. 987, 175 So. 642. However, there was ample basis for the further conclusion that the invalidity of this provision did not vitate the entire contract.

■ The remaining contention really focuses on the equitable discretion of the District Court to grant specific performance of a valid contract. Certainly the Court did not abuse its discretion in granting the decree. If the orders are complied with in good faith, the fears of Appellees that the litigation will be prolonged are groundless. If contention and strife persist, then the imperative need of court intervention will be manifest.

We find no error in this record.

Affirmed.