T. O. TREFETHEN et als. *v.* SAMUEL LOCKE et als.

The principle, that notice of the acceptance of a guarantee must be given within a reasonable time in order to fix the liability of a guarantor, cannot be invoked where the acts and declarations of the guarantor amount to a waiver of such notice.

The Article 2720 of the Civil Code, which declares " *If without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay such laborer the whole of the salaries he would have been entitled to receive, had the full term of his services arrived,*" is in the nature of a penal statute, must be strictly construed, and cannot be applied to the case of a contract for letting and hiring entirely unperformed in all its parts. In such case only the actual damages sustained by reason of the non-performance of the contract can be recovered.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *M. M. Cohen,* for plaintiffs. *E. H. Durel, G. A. Breaux* and *G. P. McPheeters,* for defendants and appellants.

LAND, J. The plaintiffs, who are ship carpenters, sue the defendants, *Gerard & Mooney,* to recover damages for the non-performance of a contract of letting and hiring, and also sue *Samuel Locke,* as the guarantor or surety of these parties for the performance of the contract.

The defendants, *Gerard & Mooney,* through their agent, *Samuel Locke,* employed the plaintiffs to work on a dry dock, which they were then constructing at Gretna in this State for parties residing in Cuba. *Samuel Locke* employed the plaintiffs through *Daniel Marcy,* who was residing at Portsmouth in New Hampshire, and the terms of the contract and the alleged liability of *Locke,* are specified in a letter written by him at Boston on the 26th of September, 1857, and addressed to *Marcy* at Portsmouth.

The material part of this letter is as follows: "I wish you to send out twenty good energetic carpenters to *Gerard & Mooney;* you are authorized to say that they will give them $2 50 per day, and steady employment until the first of June, and more, if the going wages there for steady employment should be higher. *This letter will be your guarantee,* that the men that you give a line to *Gerard & Mooney, shall be steadily employed on the Cuba Dock that they are building.* They want the men as soon as possible. If you can get a good foreman at the price I offered, give him

a letter, stating that he is engaged as foreman by my request. Please let me know if the men, as above, will go out. Address me to the care of *Messrs. John D. Locke & Co.* 193 Water Street, New York. I will be in New York on Tuesday next, and shall be awaiting your letter."

The plaintiffs, who were employed by *Marcy* on the terms mentioned in *Locke's* letter, arrived in this city on the 11th of November, 1857, and tendered to *Gerard & Mooney* a performance of the contract on their part. These defendants refused to receive the plaintiffs into their service, on the terms specified in the letter, but proposed to receive them on different terms, which the plaintiffs rejected, and soon afterwards, returned home without having performed any labor on the dock under the agreement.

The first question in the case is, whether *Locke* is liable to the plaintiffs, on the guarantee stipulated in his letter to *Marcy.*

The second question is, what damages the plaintiffs are entitled to recover, for the non-performance of the contract, by *Gerard & Mooney.*

The letter fully discloses the agency of *Locke,* and in the absence of all other evidence, the guarantee might be considered that of his principals, *Gerard & Mooney;* but the acts and declarations of *Locke,* and the testimony of *Daniel Marcy,* to whom the letter was written, clearly establish that the guarantee was intended as a personal obligation on the part of *Locke* in favor of the plaintiffs. It is, however, urged that as no notice of the acceptance of the guarantee was given to *Locke* within a reasonable time, he was thereby discharged from all liability under it to the plaintiffs, for whose security the guarantee had been given. However correct the legal proposition may be, that notice of the acceptance of a guarantee must be given within a reasonable time in order to fix the liability of the guarantor, it cannot be invoked on behalf of *Locke* in this case, because his acts and declarations, after the arrival of the plaintiffs in this city, were tantamount to an acknowledgment of his liability to them, and a waiver of the want of any previous notice of their acceptance of his guarantee.

The plaintiffs claim the sum of six thousand and twenty dollars as damages for the non-performance of the contract, and base their claim on Article 2720 of the Civil Code, which declares : If without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived. This article of the Code is in the nature of a penal statute, and should be strictly construed, and only applied to cases clearly within its letter, for it is against equity for a laborer to recover full wages for services not rendered when the amount of such wages greatly exceeds the actual damage sustained by reason of his discharge from service before the expiration of the term of employment. The case of the plaintiffs is not within the letter of the article of the Code; they were never in the service of the defendants under a contract of letting and hiring, and of course were not discharged from service before the expiration of the time of their employment. The plaintiffs sue the defendants for refusing to receive their services under a contract entirely unperformed in all its parts, in other words for the non-performance of a contract *ab initio,* and the action is not within the purview of Article 2720 of the Code.

In the case of an undertaker employed to construct a building or other work, the proprietor may cancel at pleasure the contract he has made although the work has been commenced, by paying him the expense and labor already incurred, and such damages as the nature of the case may require; and it may be well questioned whether workmen employed by an undertaker, architect or shipwright to work on buildings, vessels or other works, are laborers in the sense of Article 2720, for as the law allows a proprietor to discharge at pleasure his builder or architect, it would be most inconsistent with itself, if it denied the same privilege to the latter in respect to the workmen employed on the faith of his contract with the proprietor. See Article 2736 of the Civil Code.

The plaintiffs however were never discharged from service by the defendants, and are only entitled in our opinion to recover the actual damages sustained by reason of the non-performance of the contract; and as the judgment of the lower Court awards to them full wages under Article 2720 of the Code, it must be reversed and the cause remanded for the purpose of ascertaining the amount of actual damages sustained by the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that the cause be remanded to the lower Court for a new trial and further proceedings according to law, and that plaintiffs pay the costs of this appeal.