No. 11,505.

RICHARD BURTON VS. W. J. BEHAN AND H. ZUBERBIER.

When a person claims employment for one year under a contract and fails to make out his case, this court will not award judgment, by way of remuneration, for services rendered for a portion of time embraced within the year of the alleged contract.

APPEAL from the Civil District Court, Parish of Orleans.
Monroe, J.

---

Plaintiff claims wages from defendants as manager and overseer, alleging no specific contract, but the fact that he was under a contract with a former

owner for the year 1892; that early in that year the defendants purchased the plantation; were even aware of the terms of plaintiff's contract, ratified it and continued him in employment, and that said condition extended into and embraced the year 1893.

There was judgment for defendants and plaintiff appealed.

*Fenner, Henderson & Fenner* and *Beattie & Beattie* for Plaintiff and Appellant.

*Farrar, Jonas & Kruttschnitt* for Defendants and Appellees.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff has shown that he continued in the management of the place from the 1st to the 12th of January, 1893, but a tacit reconduction of the contract of 1892 does not absolutely and necessarily flow from that fact, through a presumption *juris et de jure.* The fact was certainly to be considered in dealing with the relations of parties, but it is open to explanation, and we think the explanation has been given, and does away with plaintiff's claims. It appears that Burton was the manager on the Laurel Valley plantation, employed for the year 1892 by Womald, its owner; that in the early part of that year, unable to meet his indebtedness to the defendants, Womald sold them the plantation; that finding plaintiff in charge as manager, defendants continued him to the end of the year; that from the time they became owners, defendants, to the knowledge of the plaintiff, looked forward to a sale of the place; that in fact it was sold at public auction to third parties on January 12, 1893, under an advertisement known to the plaintiff, which appeared in December, before his contract terminated. He was fully informed of the intended or contemplated sale, and admits in his testimony that before the end of the year 1892 he had a conversation with General Behan, one of the defendants, in respect to it, and in respect to the effect which that sale might have upon himself. Granting that a loose conversation as testified to by plaintiff had taken place between Zuberbier and himself on November 12, 1892, the later one with the other owner left him in no doubt as to the situation. Behan testified that about the 25th of November, 1892, he had a conversation on the plantation with the plaintiff, in which the latter inquired something about the prospects for the coming year and what the owners proposed to do with the place; that he told him it was their intention

to sell the plantation, and that he furthermore told him that, of course, if the plantation was sold there would be no further necessity for his services, but in case it was not sold they would simply continue him in service, and that Burton made no objection, nor was any allusion made to an agreement or conversation by him with Zuberbier. That plaintiff did at a later interview with him in New Orleans, shortly before the sale, claim that he had been employed for 1893 by Mr. Zuberbier, and that he (Behan) told him it was the first time he had heard of it, and it was singular he had not spoken of it when he was on a visit to the plantation—that when this last conversation took place the plantation was advertised for sale, and the conversation was brief.   Plaintiff himself while under cross-examination states (under successive questions), in regard to a conversation of the *26th November, 1892,* between himself and Behan, that General Behan told him, not at that time, but in December, 1892, in New Orleans, that they were going to sell the property; that if they did not sell the property they would need his services, and if they did sell the property they would use their best efforts to get him employed by the purchasers.   Under questions from the judge he stated that General Behan *(in December)* had told him that he would be retained if they kept the plantation—if they did not keep the plantation he would do what he could with the purchaser to secure him a position— at that place or any other place.   That when this was said to him " he did not know that he made any remark to him at all—any answer to it—because he knew that they had other plantations, and perhaps would give him a position on one of them, as he heard they were going to make a change in one of them, or he understood they were."

Under the evidence in the case we do not think it can properly be maintained that there was any tacit reconduction of the contract of 1892.   If plaintiff had any rights in the premises, it was under the agreement alleged to have been made with him in November by Zuberbier.   We do not regard plaintiff as setting up as his cause of action a tacit reconduction of the first contract, for he distinctly alleges that he was " *employed*" by them for the year 1893, and he refers to his continuing on the plantation merely as EVIDENCE *of that fact.*   The *averment* is " that he was employed by them for the year 1893, *as will be seen* by the fact that he was kept on the plantation."   We do not regard the continuance of Burton on the

place, under the light thrown upon the situation by the entire evidence in the case, as strengthening his claims. We are impressed forcibly with the belief he remained on the plantation for the few days intervening between the termination of his contract and the sale of the property with the hope and under the expectation that either no sale would take place or that Behan or Zuberbier would be a purchaser (for the sale was made to effect a partition between the owners), in either of which events he had good reason to suppose he would be retained as manager; or should some third person buy, that, none the less, through the good offices of the defendants, he might find employment. After plaintiff's conversation with General Behan, in December, 1892, he could not be in doubt as to what his relations with the plantation and its owners would be after the end of the year. There is no question of silence, or of the effect of silence, involved in this case, for the exact *status* of the future was discussed and explained, and he can predicate nothing so far as any contract for the year was concerned, by remaining for a few days, as he did, on the place. Granting that Zuberbier himself (though he denies the fact) had, in November, 1892, engaged, or promised to engage, plaintiff for the year 1893, as manager, Behan was not informed of it, and he substantially repudiated, by his conduct, the idea of any such arrangement, before Burton had entered upon duty in the new year. We think it clear from the whole condition of affairs, that had plaintiff informed Behan that he claimed that his joint owner and partner had made with him the engagement he now sets up, the latter would have at once, in express terms, put an end to such a claim. He would have had the right to disown, under the circumstances, such an agreement, and at the very best plaintiff could have held no better position than the plaintiff did in the case of Word vs. Winder, 16 An. 112.

We think it highly improbable that Zuberbier, in view of the partition between Behan and himself, and the proposed sale of Laurel Valley to effect it, would have undertaken to bind Behan and himself to an engagement of plaintiff for a year, independently of any consideration as to whether the plantation should be sold or not, or who should buy it. There must have been a misapprehension by the plaintiff as to what Zuberbier told him.

It is urged upon us that, even granting that plaintiff should not recover for his services for the whole year, he is entitled to remuner-

ation for the period during which he actually gave them. That is doubtless true, but plaintiff has not sued upon a *quantum meruit*, and we are not in a position, under the pleadings and the evidence, to grant relief to him in this case.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.