No. 2340
Second Circuit

---

A. B. SMITH v. POLLOCK COMPANY

---

(December 1, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 7, 11, 12, 18, 21.**

One who is hired but does not enter into services of his employer because his employer does not allow him to, has not the right to collect any part of his salary under Article 2749 of the Civil Code.

2. **Louisiana Digest—Pleading—Par. 62.**

An exception no cause of action aimed at a petition which prays for one month's salary although the plaintiff had never served the employer should be sustained because plaintiff had no right of action under Article 2749 of the Civil Code which gives a right of action only to an employee who has actually begun work and who has been sent away by the employer.

Appeal from the City Court of the City of Monroe, Louisiana, Hon. B. A. Trousdale, Acting Judge.

This is a suit to recover one month's salary. There was exception no cause of action filed which was overruled. The case was tried on its merits and there was judgment for plaintiff. Defendant appealed.

Judgment reversed, exception no cause of action sustained and plaintiff's suit dismissed.

M. C. Redmond, of Monroe, attorney for plaintiff, appellee.

Dawkins and Dawkins, of Monroe, attorneys for defendant, appellant.

ODOM, J.    Plaintiff brings suit to recover the sum of $160.00 which he alleges is due him by the defendant for one month's salary.

He alleges that on or about September 1, 1924, he was employed as a collector by defendant company through its manager, B. G. Mabry, at a monthly salary of $160.00, his work to begin on September 15th, and that on the 12th of September he was requested by said Mabry, manager, to wait until a later date to begin work as another manager was to take over the business and that it would be best for plaintiff to begin work under the new manager, and

"to this your petitioner agreed and on the time agreed went to the place of business to begin the work and was told by Mr. Williams (the new manager), that he would not need his services".

And he further alleges—

"That he had been employed at a salary of $160.00 per month and as the agreement was a month to month agreement and as they have refused to allow him to go to work or to pay him that he is entitled to one month's salary."

And in article 6 of his petition he alleges—

"That they employed petitioner and now have discharged him without any just cause and that they have failed and will

not pay him for the first month's salary."

And he prays for judgment for $160.00 with legal interest thereon from demand and costs.

The suit was filed November 18, 1924, and on December 1st following defendant tendered and filed an exception:

"That the allegations made by plaintiff in his petition disclose neither right nor cause of action."

On December 8th this exception was overruled by the court, whereupon on December 16th defendant filed answer, especially reserving its rights under the exception filed.

The case was tried on its merits and resulted in a judgment in favor of the plaintiff as prayed for.

### OPINION.

This suit is brought under Article 2749 of the Civil Code which reads as follows:

"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."

Defendant's exception of no cause of action is grounded upon the proposition that the above quoted article of the Civil Code has no application to cases where no services had been performed under an alleged contract and that plaintiff's remedy, if any he had, was under Article 1926 of the Civil Code which provides:

"On the breach of any obligation to do or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section."

We think defendant's exception of no cause of action is well founded and should have been sustained.

The allegations of plaintiff's petition which, for the purposes of the trial of the exception, are taken as true, show that he did not enter into the discharge of his duties under the alleged contract. The defendant did not therefore "send away a laborer whose services he had hired" as contemplated under the article of the Civil Code relied upon.

Not having entered into the service of defendant, defendant could not send him away; but, under the specific allegations of plaintiff's petition, defendant refused to allow him to go to work.

The case of Word vs. Winder, 16 La. Ann. 111, is on all fours with the case at bar.

In that case plaintiff was employed as overseer on defendant's plantation for the year 1857. During the month of August of that year defendant agreed to retain plaintiff's services for the year 1858 at a stipulated salary, but in November or December of that year discharged him. The plaintiff, on January 1, 1858, offered to enter into the service of defendant and was refused. He sued for his salary for the year 1858, and the court said:

"The Article 2720 (now 2749) of the Civil Code does not apply to a case of this kind, for as the plaintiff had not entered into the discharge of his duties under the alleged contract, it cannot, properly, be said that he was, according to the terms of the C. C., Art. 2719 (now Article 2748) sent away by the proprietor.

"The action, if any, could only be one in damages for a breach of contract."

Citing Civil Code Articles 1920 and 1924 (now Articles 1926 and 1930).

This decision has not been overruled so far as we have been able to find and has been cited in two later decisions. One is the case of Tete vs. Lanaux, executor, in 45 La. Ann. 1343 (1347), 14 South. 241, where

the court found that the plaintiff was discharged during his employment and hence decided that Word vs. Winder, 16 La. Ann. 111, case was not in point.

And it was cited again in the case of Burton vs. Behan, 47 La. Ann. 117, 16 South. 769, where the court in passing on the case under consideration said:

"He would have had the right to disown, under the circumstances, such an agreement, and at the very best plaintiff could have held no better postion than the plaintiff did in the case of Word vs. Winder, 16 An. 112."

In these later cases the facts were somewhat different but the court in each case sanctioned the holding in Word vs. Winder.

In the case of Trefethen vs. Locke, 16 La. Ann. 19, the court, after quoting Article 2720 (2749) of the Civil Code, said:

"This article of the Code is in the nature of a penal statute, and should be strictly construed, and only applied to cases clearly within its letter, for it is against equity for a laborer to recover full wages for services not rendered when the amount of such wages greatly exceeds the actual damage sustained by reason of his discharge from service before the expiration of the term of employment. The case of the plaintiff is not within the letter of the article of the Code; they were never in the service of the defendants under a contract of letting and hiring, and of course were not discharged from service before the expiration of the time of their employment. The plaintiffs sue the defendants for refusing to receive their services under a contract entirely unperformed in all its parts, in other words for the non performance of a contract ab initio and the action is not within the purview of Article 2720 of the Code."

In the case of Lloyd vs. Dickson, 121 La. 915, 46 South. 919, the court, in discussing Article 2749 of the Civil Code held that a servant discharged without serious grounds of complaint may recover the salary for the unexpired term, but said, on page 919:

"But it has been held that this article is in the nature of a penal statute and has no application to a contract for the letting and hiring entirely unperformed in all of its parts, and that for the breach of such executory contracts only actual damages can be recovered."

Citing Trefethen vs. Locke, *supra*.

Plaintiff's alleged contract with defendant was, according to his petition, entirely unperformed, and this case falls squarely under the principal announced in the above case.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be and it is hereby avoided and reversed, the exception of no cause of action is sustained and plaintiff's suit dismissed at his cost; reserving, however, to plaintiff, the right to bring suit for damages for alleged breach of the contract.