No. 3278

Second Circuit

SMITH v. POLLACK COMPANY

(December 19, 1928. Opinion and Decree.)

M. C. Redmond, of Monroe, attorney for plaintiff, appellee.

Dawkins & Dawkins, of Monroe, attorneys for defendant, appellant.

ODOM, J. The plaintiff brings this suit to recover actual damages resulting from the breach of a contract of hiring. The defense is that plaintiff was not in fact employed by it.

The testimony shows that on or about the first of September, 1924, the plaintiff was employed by the defendant company as collector, at a salary of $160 per month, by and through its manager and agent, Mabry. It was necessary, it seems, for one acting as collector for the defendant company to use an automobile. Mabry, the manager and agent, explained to plaintiff that his company did not furnish an automobile to its collectors. Whereupon, plaintiff informed him that he had no automobile of his own and was not financially able to buy one, and could not pay for one, except out of the proceeds of his salary. He stated to Mabry, however, that inasmuch as he had secured employment as defendant's collector, he would probably be able to secure an automobile by having friends arrange for the cash payment on a car. In view of his contract with defendant, plaintiff purchased a Ford automobile and induced two of his friends to endorse his notes for

the balance due on the car. Plaintiff testified, and his testimony on that point is not contradicted, that he had no use whatever for the Ford car, except in the performance of his duties as collector. Having purchased the automobile and made all arrangements to take up his duties with the defendant company, he subsequently tendered his services to the defendant and was then informed by Mabry that another manager had been employed to take charge of the business, and suggested that plaintiff wait until the new manager appeared. This, it seems, was satisfactory to the plaintiff. But, when the new manager appeared to take charge of the business, plaintiff was informed by him that his services would not be needed. In the meantime, as stated, plaintiff had purchased the automobile and had also sold, at a sacrifice, some watermelons and some livestock in order to get ready to take up the duties under his new employment. On account of not having been retained in his new position, he was unable to pay for the automobile and the vendors thereof repossessed the car, under their contract of sale and mortgage, so that the amount of the cash payment on the car, together with the notes which he paid, was a total loss to him. This amount, together with the amounts which he lost on account of having to sacrifice his crop of melons and his livestock is the sum which plaintiff claims as actual damage and loss on account of the breach of the contract.

Plaintiff is clearly entitled, under the law, to recover these amounts. (Articles 1926, 1930, Revised C. C.)

In the case of Taylor vs. Paterson, 9 La. Ann. 251, it was specifically held that the general rule that the inexecution of contracts gives rise to a claim for damages, laid down in Article 1924 (new Article 1930) is applicable to the contract of hiring; and in the cases of Trefethen et al. vs. Locke et al., 16 La. Ann. 19, and Lloyd vs. Dickson et al., 121 La. 915, 46 So. 919, it was recognized that upon a breach of a contract of hiring, the actual damage resulting therefrom might be recovered.

The District Judge found for plaintiff, and assessed the damage at $160, and we think his conclusion on that point is amply supported by the testimony.

Counsel for the defendant filed in limine an exception of no cause of action, which was overruled by the Court. The exception is based, as we gather from counsel's brief, on the ground: first, that plaintiff did not allege that he tendered his services to defendant. Counsel evidently overlooked Paragraph 4 of plaintiff's petition, in which he alleged that "after he purchased his said car in the above way, that he reported to said Pollack Company in order to go to work." Second, counsel argues that the only element of damage in a case of this kind is the difference between what plaintiff would have earned under his contract and what he was able to earn during a like period of time thereafter. That is not the law. What plaintiff claims is that after making a contract with the defendant to go to work, he purchased an automobile on which he paid certain amounts which were a total loss to him, and that he sacrificed some of his property—all on account of defendant's breach of the contract. These are elements of damage which, we think, he is entitled to recover.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed, with costs in both courts.