### ADLER v. CASTLE–HIRSCH–LOHMAR, Inc., et al.*

### No. 5179.

Court of Appeal of Louisiana. Second Circuit.

.Feb. 5, 1936.

M. T. Monsour, of Shreveport, for appellants.

Irion & Switzer, of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff executed a written contract with defendants whereby he engaged his services to them as a "performer" in a show at a salary of $20 per week. He alleges breach of the contract by defendants by dispensing with his services without cause, and sues for the entire salary due him under the agreement. An exception of no cause or right of action, filed by defendants, was overruled. It is urged here.

Defendants deny that they breached the contract, and urge, as a special defense, that plaintiff himself violated its covenants, in that he refused to perform the duties devolving upon him thereunder "as master of ceremonies" and tap dancer during the show season of 1934; that he agreed in the contract to abide by the rules and regulations promulgated by defendants, but failed and refused to do so by absenting himself from rehearsals, and by failing to appear and accompany the show when it. departed on its regular tour.

There was judgment for plaintiff below, after trial on the merits. Defendants have appealed.

Exception of No Cause and No Right of Action.

This exception is buttressed upon the absence from plaintiff's petition of affirmative allegations that he had entered upon the discharge of the duties incumbent upon him under the terms of the contract, before its alleged breach by defendants. Its efficacy has to be determined from the status of the record as of the time of its filing, if the petition is not timely amended. The contract attached to and made part of the petition is dated March 16, 1934. The original petition, amplified by an amendment, avers that plaintiff at all times since the contract's date "offered to perform under the contract, but defendants ignored him and refused to live up to the contract." Therefore, the face of the petition does not disclose that plaintiff performed any duty or service to defendants under the contract prior to the time the show departed from Shreveport on its northern tour on June 24, 1934, but, on the contrary, negatives any such inference. It becomes im-

portant, in view of these record facts, to determine the codal law applicable thereto. Defendants contend, and we think correctly, that the suit is erroneously predicated upon article 2749 of the Civil Code, which reads as follows: *"Laborer hired for fixed period—Unwarranted discharge—Right to salary.*—If, without any serious grounds of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived"—and argue that article 1926 of the Code is controlling. It reads as follows: *"Breach—Remedies.*— On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section."

The contract sued on is one "to do." As the petition does not disclose that any services were thereunder rendered, article 1926 has application. Only actual damages may be recovered. None is alleged. If the laborer, or other person bound to service, has performed part of his duties under his engagement, then article 2749 has application. There must be a "sending away," under this article, and, if the service has not begun, this cannot be done.

In Word v. Winder, 16 La.Ann. 111, the court used this unambiguous language, dealing with facts similar to those present in the case at bar:

"The article 2720 of the Civil Code does not apply to a case of this kind, for as plaintiff had not entered into the discharge of his duties under the alleged contract, it cannot, properly, be said that he was, according to the terms of the Civil Code, article 2719, sent away by the proprietor. Vide Opinion Book, Trefethen et al. v. Locke, et al. [16 La.Ann. 19]."

The principle enunciated in these cases was approved in Tete v. Lanaux, Executor, 45 La.Ann. 1343, 14 So. 241, and in Smith v. Pollock Co., 3 La.App. 125, Judge Odom, after reviewing the pertinent jurisprudence, and in sustaining an exception of no cause of action overruled by the lower court, said:

"In the case of Lloyd v. Dickson, 121 La. 915, 46 So. 919, the court, in discussing Article 2749 of the Civil Code held that a servant discharged without serious grounds of complaint may recover the salary for the unexpired term, but said, on page 919:

" 'But it has been held that this article is in the nature of a penal statute and has no application to a contract for the letting and hiring entirely unperformed in all of its parts, and that for the breach of such executory contracts only actual damages can be recovered.'

"Citing Trefethen v. Locke, supra.

"Plaintiff's alleged contract with defendant was, according to his petition, entirely unperformed, and this case falls squarely under the principle announced in the above case."

We think the exception of no cause of action well founded and should have been, and is hereby, sustained.

For the reasons herein assigned, the judgment appealed from is set aside and annulled, and plaintiff's suit dismissed as in case of nonsuit, at his cost.