Theodore A. MARTIN

v.

ETHYL CORPORATION.

Civ. A. No. 2697.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 20, 1963.

Robert W. Williams, Jr., Baton Rouge, La., for plaintiff.

Charles W. Phillips, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for defendant.

WEST, District Judge.

This suit is brought by plaintiff, Theodore A. Martin, as the head and master of the community of acquets and gains existing between him and his wife, Lorainne Martin. He sues for damages to the community allegedly resulting from a breach by respondent, Ethyl Corporation, of an employment contract between it and plaintiff's wife, Lorainne Martin. Mrs. Martin is a member, in good standing, of the Allied Oil Workers Union, which union, by virtue of a Collective Bargaining Agreement dated June 2, 1956, is the exclusive bargaining agent for the employment unit in which Mrs. Martin was employed by Ethyl Corporation. The employment contract or

agreement between Mrs. Martin and Ethyl Corporation was thus, of course, subject to the terms and conditions of the Collective Bargaining Agreement. This Collective Bargaining Agreement, by its terms, is automatically renewed each year for a twelve month period commencing June 2 of each year, unless certain specified steps are taken by either party for its termination. No such steps were taken, and this agreement was in full force and effect from June 2, 1962 through June 1, 1963. Mrs. Martin had been employed by the respondent for approximately twelve years prior to July 30, 1962. On that date her employment was terminated by respondent. At the time of her discharge she was earning $522 per month as a steno-clerk (patent). Plaintiff alleges that respondent discharged Mrs. Martin arbitrarily, unreasonably, and without cause, contrary to and in violation of the terms and conditions of her employment contract, including the terms and conditions of the Collective Bargaining Agreement between Allied Oil Workers Union and the respondent, and that as a result of said breach of contract, the community of acquets and gains existing between him and his wife, Mrs. Martin, has been damaged in the sum of $75,000. Plaintiff does not itemize his alleged damages. He alleges jurisdiction in this Court based upon diversity of citizenship, with an amount in excess of $10,000, exclusive of interest and costs, allegedly being involved. He further contends that inasmuch as under Louisiana law, the earnings of the wife fall into the community of acquets and gains, that he, as head and master of the community, is the proper party to sue for damages to the community resulting from the alleged breach of contract.

Respondent moves to dismiss on the grounds (1) that the complaint fails to state a claim against defendant upon which relief can be granted; (2) that the action is not brought by the real party in interest; (3) that plaintiff fails to allege privity of contract; and (4) that the Court lacks jurisdiction because the amount actually in controversy is less than $10,000, exclusive of interest and costs.

The first three grounds for the requested dismissal may be treated together. In effect, the respondent says that if any action on behalf of Mrs. Martin can be taken to protest her dismissal by the respondent, that such action must be taken by the union itself, and then only in accordance with the terms of the Collective Bargaining Agreement. Respondent further says, in effect, that since the Collective Bargaining Agreement does not provide for compulsory arbitration, the only way Mrs. Martin's dismissal may be protested is for the union to declare a strike to enforce her claim. This Court cannot agree with the respondent's contention.

 Under the principles enunciated in Woodward Iron Company v. Ware, 5 Cir., 261 F.2d 138, it is clear that a discharged employee may, himself, bring an action for damages for breach of an employment contract. Plaintiff here does not sue under Section 301 of the Labor Management Relations Act. He sues for damages resulting from an alleged breach of contract, claiming diversity of citizenship as the basis for this Court's jurisdiction. I do not interpret the Supreme Court's decision in General Drivers, Warehousemen & Helpers Local Union No. 89 v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918, which in effect overruled Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, as meaning that *only* the union may bring those actions which theretofore were considered strictly personal to the individual member. It simply means that now, the union, as well as the individual member, may bring such actions even though they are personal to the member. But again we are not called upon to decide whether or not an individual member may bring an action under Section 301 of the Labor Management Relations Act for breach of contract because here, the plaintiff is simply suing

as head and master of the community for alleged damages to the community resulting from a breach of contract. As was stated in Woodward Iron Company v. Ware, supra:

"Grievance procedure is appropriate if an aggrieved employee challenges his suspension or discharge with the hope of reinstatement and continuance of his former employment status. * * * But a discharged employee may have a common law right of action for damages for breach of contract. He does not lose this right if he elects to use the courts instead of the employer-union arbitration channels. 'The grievance referred to in the contract does not apply so as to prevent an employee from suing to recover damages for which the defendant is liable to him by reason of a breach of the contract for his direct benefit. There is no obligation on the part of the plaintiff to bring a grievance on account of a breach of the contract, which is complete, resulting in damage to the plaintiff.' "

■■ Under Louisiana law, the husband, and only the husband, is the proper party to bring an action to recover damages to the community. LSA–C.C.P. art. 686. A cause of action for the wife's loss of wages is a claim belonging to the community and can be asserted only by the husband. Anderson v. Simmons, La.App., 75 So.2d 34. Thus, in an action such as that here involved, the plaintiff, as Mrs. Martin's husband, and as head and master of the community, is the proper party plaintiff to bring this suit. Thus the first three grounds suggested by the respondent in its motion to dismiss are without merit.

But the question of jurisdiction raised by the respondent presents a more serious problem. This suit, being predicated upon diversity of citizenship, must involve an amount in excess of $10,000, exclusive of interest and costs. 28 U.S. C.A. § 1332. The Court concludes that such an amount is not here involved, and that hence respondent's motion to dismiss for lack of jurisdiction should be granted.

■■ Respondent filed in the record hereof an affidavit of the payroll supervisor of Ethyl Corporation showing that Mrs. Martin's salary at the time of her discharge was $522 per month. This fact has in no way been refuted by the plaintiff. If the respondent was required to continue the employment of Mrs. Martin, such obligation not to discharge her without cause would not necessarily have continued beyond the next possible termination date of the Collective Bargaining Agreement, which was June 1, 1963. Consequently, assuming the respondent could not terminate Mrs. Martin without just cause, such an obligation, in accordance with the provisions of the Collective Bargaining Agreement, would exist only until June 2, 1963, or for ten months beyond the date on which she was actually terminated. During that time, her total salary would have been the sum of $5,220. It is only the lost wages for which the plaintiff, as head and master of the community, has the right to sue. Any other damages that might have been sustained by Mrs. Martin as a result of her discharge would be personal to her, and would not be a claim of the community. Grandjean v. New Orleans Gas Light Company, Orleans No. 8225 (La. Appeal 1922); LSA–C.C. art. 2402. Thus, the total amount of damages here suffered by the community could not exceed the amount of lost wages, or the sum of $5,220. Furthermore, it is extremely doubtful that the respondent could be held liable for any damages other than the actual amount of wages involved, whether such damages accrued to the community or to the wife individually. Berlin v. P. L. Cusachs, 114 La. 744, 38 So. 539; Smith v. Pollack Co., 9 La.App. 432, 121 So. 240; 56 C.J.S. Master and Servant § 58.

It is, therefore, the opinion of this Court that the respondent's motion to dismiss for lack of jurisdiction should be granted. Judgment to be entered accordingly.